| | |
|---|---|
| 1 | Craig J. Mariam (SBN: 225280) |
| | cmariam@gordonrees.com |
| 2 | Allison J. Fernandez (SBN: 272853) |
| | afernandez@gordonrees.com |
| 3 | Samuel B. Laughlin (SBN: 299720) |
| | slaughlin@gordonrees.com |
| 4 | GORDON & REES LLP |
| | 101 W. Broadway Suite 2000 |
| 5 | San Diego, CA 92101 |
| | Telephone: (619) 696-6700 |
| 6 | Facsimile: (877) 306-0043 |
| 7 | Attorneys for defendant and |
| | cross complainant 22nd District Agricultural |
| 8 | Association |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

GILLIAN BROWN, on behalf of herself and all others similarly situated,

    Plaintiff,

vs.

22ND DISTRICT AGRICULTURAL ASSOCIATION, a State entity; and DOES 1 through 10, inclusive,

    Defendants.

———————————————————

22ND DISTRICT AGRICULTURAL ASSOCIATION, a State entity,

    Cross-complainant,

    v.

SOLAR ON SET, LLC and ROES 1 through 20, inclusive,

    Cross-defendants.

CASE NO. **'15CV2578 JAH DHB**

**DEFENDANT 22ND DISTRICT AGRICULTURAL ASSOCIATION'S NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1132(e); 1331 (FEDERAL QUESTION)**

[Filed concurrently Demand for Jury Trial and Civil Cover Sheet]

State Court Complaint Filed: September 30, 2015

State Court Case No. 37-2015-00033027-CU-MC-CTL

-1-

**DEFENDANT 22ND DISTRICT AGRICULTURAL ASSOCIATION'S NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1132(e); 1331**

TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFF, CROSS-DEFENDANT AND ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant the 22nd District Agricultural Association (the "Association") hereby removes to this Honorable Court the state court action described below.

## STATEMENT OF JURISDICTION

1. This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1132(e). As explained below, this action relates to a cause of action under the Fair and Accurate Credit Transaction Act ("FACTA"), itself an amendment to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 et. seq.

## BASIS FOR REMOVAL

2. On September 30, 2015, an action was commenced in the Superior Court of the State of California for the County of San Diego, entitled *Gillian Brown v. 22nd District Agricultural Association*, Case No. 37-2015-00033027-CU-MC-CTL ("Complaint"). A true and correct copy of the complaint filed in the state court by plaintiff Gillian Brown, on behalf of herself and all others similarly situated is attached hereto as Exhibit "A."

3. Plaintiff served the Association by hand with a copy of the complaint on October 21, 2015. Therefore, service was completed at the earliest on October 21, 2015. *See* Cal. Civ. Proc. §415.10. Pursuant to 28 U.S.C. §1446(b), a complete copy of all process, pleadings, and orders served upon this removing defendant are included collectively within Exhibit A hereto. Thirty days since the receipt of the summons and complaint have not passed and this matter remains removable. 28 U.S.C. § 1446(b).

4. The Association answered the Complaint on November 16, 2015. A true and correct copy of the answer filed in the state court by defendant the 22nd District Agricultural Association is attached hereto as Exhibit "B."

Gordon & Rees LLP
101 W Broadway Ste. 2000
San Diego CA 92101

5.      This Court has original jurisdiction under 28 U.S.C. § 1331 over claims arising under FCRA because they are actions arising under the laws of the United States.  *See* 28 U.S.C. § 1331.  The FCRA itself provides that "[a]n action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction," 15 U.S.C. § 1681p.

## SUPPLEMENTAL JURISDICTION

6.      On or about November 13, 2015, the Association filed a cross-complaint in the San Diego Superior Court ("Cross-Complaint") against cross-defendant Solar On Set, LLC ("Solar") for state law claims of breach of contract, breach of the implied covenant of good faith and fair dealing, express contractual indemnity, comparative indemnity, equitable indemnity, and declaratory relief, all arising out of the same transaction or occurrence that is the subject matter of plaintiff's action, forming part of the same case or controversy. A true and correct copy of the Cross-Complaint filed in the state court by defendant the 22nd District Agricultural Association is included within Exhibit "C" hereto.

7.      To the extent any state law claims are alleged, under 28 U.S.C. § 1367(a), this Court also has supplemental jurisdiction over the Association's cross-claims.  See 28 U.S.C. § 1367(a) (court has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

8.      This Court has jurisdiction over state law claims where a plaintiff seeks the resolution of a substantial federal question through the implication of remedies available under federal law. *See Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 US 308, 313-314 (2005). The claim in plaintiff's single cause of action and the Association's cross-claims against Solar arise under laws of the United States because plaintiff's claim and the resolution of the

1  Association's cross-claims necessarily depend on the remedies available under 15
2  U.S.C. 1681 et seq.
3      9.    Plaintiff invokes remedies available under 15 U.S.C. 1681 et seq.
4  throughout the complaint.   Plaintiff references the United States Congress's
5  purpose in passing FACTA "to assist in the prevention of identity theft and credit
6  and debit card fraud." Complaint, ¶ 2.  Facts are asserted as being defined by 15
7  U.S.C. § 1681 et seq. in paragraphs 4, 6, 24, and 30-39 of the complaint.
8  Plaintiff's claim alleges a "violation" of 15 U.S.C. § § 1681 et seq.  Relief is
9  sought under the alleged cause of action by incorporating into the Prayer for Relief
10  15 U.S.C. § § 1681(n)(a)(1)(A) and 1681(n)(a)(3). Complaint, p. 8.  *See* Exhibit A.

## **REMOVAL TO THIS JURISDICTION IS PROPER**

12      10.    In accordance with 28 U.S.C. § 1446(d) and the Local Rules of this
13  District, defendant is serving plaintiff and cross-defendant Solar with a copy of
14  this Notice of Removal of Action Pursuant to 28 U.S.C. §§ 1441(b) and 1446.
15      11.    Counsel for the Association certifies that it will file a true and correct
16  copy of this Notice of Removal with the Clerk of the Superior Court of California,
17  County of San Diego, as required by 28 U.S.C. § 1446, and give notice of same to
18  plaintiff and cross-defendant Solar.
19      12.    Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, removal of this action
20  from the Superior Court of California, County of San Diego to the United States
21  District Court for the Southern District of California is appropriate.
22      13.    The removal of this action to this Court is proper under 28 U.S.C. §
23  1441(a) inasmuch as the Superior Court of the State of California, County of San
24  Diego, where this action was originally filed, is located within this judicial district.
25  28 U.S.C. § 84(d).
26  ///
27  ///
28  ///

**Gordon & Rees LLP**
**101 W Broadway Ste. 2000**
**San Diego CA 92101**

14. The Association respectfully requests that this Honorable Court assume jurisdiction over this matter and issue such orders and processes as may be necessary to bring before it all the parties necessary for the trial hereof.

Respectfully submitted,

Dated: November 17, 2013          GORDON & REES LLP

By: _____
Craig J. Mariam
Attorneys for Defendant
22nd District Agricultural Association

Gordon & Rees LLP
101 W Broadway Ste. 2000
San Diego CA 92101

1111592/25786982v.1

**DEFENDANT 22ND DISTRICT AGRICULTURAL ASSOCIATION'S
NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1132(e); 1331**