# EXHIBIT A

# EXHIBIT A

## SUMMONS
### (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:** 22ND DISTRICT AGRICULTURAL
*(AVISO AL DEMANDADO):* ASSOCIATION, a State entity; and
DOES 1 through 10, inclusive

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
09/30/2015 at 10:30:15 AM
Clerk of the Superior Court
By Gloria Arce-Barraza,Deputy Clerk

**YOU ARE BEING SUED BY PLAINTIFF:** GILLIAN BROWN, on
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* behalf of herself
and all others similarly situated


received
10-21-15

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

CASE NUMBER:
*(Número del Caso):* 37-2015-00033027-CU-MC-CTL

Superior Court of the State of California
330 West Broadway

San Diego, California 92101

Filed By Fax

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

River City Process Servic

Alex P. Katofsky, Esq.  (SBN 202754)  (818)703-8985  (818)703-8984
Gaines & Gaines, APLC
27200 Agoura Road, Suite 101
Calabasas, California 91301

DATE:  10/01/2015                Clerk, by _G. Arce-Barraza_____ , Deputy
*(Fecha)*                        *(Secretario)*                      *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [✓] on behalf of *(specify):* 22nd District Agricultural Association, State entity

under: [ ] CCP 416.10 (corporation)       [ ] CCP 416.60 (minor)
       [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
       [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
       [✓] other *(specify):* CCP 416.50 - Public Entity
4. [✓] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal Solutions

Code of Civil Procedure §§ 412.20, 465

[SEAL]

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Alex P. Katofsky, Esq.   (SBN 202754)<br>Gaines & Gaines, APLC<br>27200 Agoura Road<br>Suite 101<br>Calabasas, California 91301<br>TELEPHONE NO.: (818)703-8985   FAX NO: (818)703-8984<br>ATTORNEY FOR (Name): Plaintiff Gillian Brown | |

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
03/30/2015 at 10:38:15 PM
Clerk of the Superior Court,
By Olota Arov Barrera,Deputy Clerk

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, California 92101
BRANCH NAME: Hall of Justice - Main

CASE NAME: Brown v. 22nd District Agricultural Association, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 37-2015-00033027-CU-MC-CTL |
|---|---|---|---|---|
| [x] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE: Judge Randa Trapp<br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400-3.403) |
|---|---|---|
| [ ] Auto (22)<br>[ ] Uninsured motorist (46) | [ ] Breach of contract/warranty (06)<br>[ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03)<br>[ ] Construction defect (10) |
| Other PI/PD/WD (Personal Injury/Property<br>Damage/Wrongful Death) Tort | [ ] Other collections (09)<br>[ ] Insurance coverage (18) | [ ] Mass tort (40)<br>[ ] Securities litigation (28) |
| [ ] Asbestos (04)<br>[ ] Product liability (24)<br>[ ] Medical malpractice (45)<br>[ ] Other PI/PD/WD (23) | [ ] Other contract (37)<br>**Real Property**<br>[ ] Eminent domain/Inverse<br>condemnation (14)<br>[ ] Wrongful eviction (33) | [ ] Environmental/Toxic tort (30)<br>[ ] Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41) |
| Non-PI/PD/WD (Other) Tort | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07)<br>[ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [x] Other complaint (not specified above) (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition (not specified above) (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is   [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve                 in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action (specify): One
5. This case [x] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 9/29/2015

Alex P. Katofsky, Esq.   (SBN 202754)
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

*Filed By Fa:*
*River City Process Serv*

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): <br>Alex P. Katofsky, Esq. SBN 202754 <br>GAINES & GAINES, APLC <br>27200 Agoura Road, Suite 101, Calabasas, CA 91301 | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO. 818-703-8985   FAX NO. (Optional): 818-703-8984 <br> E-MAIL ADDRESS (Optional): alex@gaineslawfirm.com <br> ATTORNEY FOR (Name): Plaintiff Gillian Brown | **ELECTRONICALLY FILED** <br>Superior Court of California, <br>County of San Diego |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| ☒ CENTRAL DIVISION, COUNTY COURTHOUSE, 220 W. BROADWAY, SAN DIEGO, CA 92101 <br>☒ CENTRAL DIVISION, HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101 <br>☐ CENTRAL DIVISION, FAMILY COURT, 1501 6TH AVE., SAN DIEGO, CA 92101 <br>☐ CENTRAL DIVISION, MADGE BRADLEY, 1409 4TH AVE., SAN DIEGO, CA 92101 <br>☐ CENTRAL DIVISION, KEARNY MESA, 8950 CLAIREMONT MESA BLVD., SAN DIEGO, CA 92123 <br>☐ CENTRAL DIVISION, JUVENILE COURT, 2851 MEADOW LARK DR., SAN DIEGO, CA 92123 <br>☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92081 <br>☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020 <br>☐ RAMONA BRANCH, 1428 MONTECITO RD., RAMONA, CA 92065 <br>☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910 | **10/09/2015** at 11:21:00 AM <br>Clerk of the Superior Court <br>By Jenitta Urissimo, Deputy Clerk |

| PLAINTIFF(S) | |
|---|---|
| GILLIAN BROWN, on behalf of herself and all others similarly situated, | |
| DEFENDANT(S) | JUDGE |
| 22ND DISTRICT AGRICULTURAL ASSOCIATION, a State entity; et al. | Randa Trapp |
| IN THE MATTER OF | DEPT |
| A MINOR | C-70 |
| **PEREMPTORY CHALLENGE** | CASE NUMBER <br> 37-2015-00033027-CU-MC-CTL |

Alex P. Katofsky _____, is ☐ a party ☒ an attorney for a party in the

above-entitled case and declares that Randa Trapp _____, the judge to whom this case is

assigned, is prejudiced against the party or the party's attorney or the interests of the party or the party's attorney such that the

said party or parties believe(s) that a fair and impartial trial or hearing cannot be had before such judge.

WHEREFORE, pursuant to the provisions of Code Civ. Proc. §170.6, I respectfully request that this court issue its order

reassigning said case to another, and different, judge for further proceedings.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: October 5, 2015 _____

_____

Signature

---

### ORDER OF THE COURT

☑ GRANTED - This case is referred to Presiding/Supervising Department for reassignment and a notice will be mailed to counsel.

☐ DENIED

Date: **10/9/15**

*Randa Trapp*

Judge/Commissioner/Referee of the Superior Court <br>**Judge Randa Trapp**

---

### FOR OFFICE USE ONLY

This case has been reassigned to Judge ___Judge Eddie C Sturgeon___ per Presiding/Supervising Judge

**David Danielsen** on **10/13/15** .

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:      330 West Broadway<br>MAILING ADDRESS:    330 West Broadway<br>CITY AND ZIP CODE:   San Diego, CA 92101<br>BRANCH NAME:        Central<br>TELEPHONE NUMBER  (619) 450-7067 | |
| PLAINTIFF: GILLIAN BROWN | |
| DEFENDANT: 22ND DISTRICT AGRICULTURAL ASSOCIATION A STATE ENTITY | |
| Short Title: BROWN vs. 22ND DISTRICT AGRICULTURAL ASSOCIATION A STATE ENTITY [Imaged] | |
| **NOTICE OF CASE REASSIGNMENT** | CASE NUMBER:<br>37-2015-00033027-CU-MC-CTL |

Filed :  09/30/2015

**EFFECTIVE IMMEDIATELY, THE ABOVE-ENTITLED CASE HAS BEEN REASSIGNED**

to Judge Eddie C Sturgeon, in Department C-67

due to the following reason:   170.6

All subsequent documents filed in this case must include the name of the new judge and the department number on the first page immediately below the number of the case. All counsel and self-represented litigants are advised that Division II of the Superior Court Rules is strictly enforced. It is the duty of each plaintiff (and cross-complainant) to serve a copy of this notice with the complaint (and cross-complaint).

ANY NEW HEARINGS ON THIS CASE WILL BE SCHEDULED BEFORE THE NEW JUDICIAL OFFICER

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

Central
330 West Broadway
San Diego, CA 92101

SHORT TITLE: BROWN vs. 22ND DISTRICT AGRICULTURAL ASSOCIATION A STATE ENTITY [Imaged]

| CLERK'S CERTIFICATE OF SERVICE BY MAIL | CASE NUMBER:<br>37-2015-00033027-CU-MC-CTL |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of NOTICE OF CASE REASSIGNMENT was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The certification occurred at San Diego, California on 10/13/2015. The mailing occurred at Sacramento on 10/14/2015.

Clerk of the Court, by: _____ J. Paine _____ , Deputy

ALEX P KATOFSKY
27200 AGOURA ROAD # 980
CALABASAS, CA 91301

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY AND ZIP CODE: San Diego, CA 92101 | |
| BRANCH NAME: Central | |
| TELEPHONE NUMBER: (619) 450-7067 | |

PLAINTIFF(S)/PETITIONER(S)/APPELLANT(S): GILLIAN BROWN

DEFENDANT(S)/RESPONDENT(S): 22ND DISTRICT AGRICULTURAL ASSOCIATION A STATE ENTITY

Short Title: BROWN vs. 22ND DISTRICT AGRICULTURAL ASSOCIATION A STATE ENTITY [Imaged]

| NOTICE OF HEARING | CASE NUMBER:<br>37-2015-00033027-CU-MC-CTL |
|---|---|

Notice is given that the above-entitled case has been set for the reason listed below and at the location shown above. All inquiries regarding this notice should be referred to the court listed above.

| TYPE OF HEARING | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 06/17/2016 | 10:30 am | C-67 | Eddie C Sturgeon |

Counsel: Check service list.  If you have brought a party into this case who is not included in the service list, San Diego Superior Court Local Rules, Division II, requires you to serve the party with a copy of this notice.

A case management statement must be completed by counsel for all parties or parties in pro per and timely filed with the court at least 15 days prior to the initial case management conference.  (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR options.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| Central<br>330 West Broadway<br>San Diego, CA 92101 | |
| SHORT TITLE: BROWN vs. 22ND DISTRICT AGRICULTURAL ASSOCIATION A STAT E ENTITY [Imaged] | |
| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER:<br>**37-2015-00033027-CU-MC-CTL** |

I certify that I am not a party to this cause. I certify that a true copy of NOTICE OF HEARING was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The certification occurred at San Diego, California on 10/13/2015. The mailing occurred at Sacramento on 10/14/2015.

Clerk of the Court, by: _M Spiesman_ _____ , Deputy

ALEX P KATOFSKY
27200 AGOURA ROAD # 980
CALABASAS, CA 91301

SUPERIOR COURT OF CALIFORNIA
SAN DIEGO COUNTY
330 West Broadway
San Diego, CA 92101

RETURN SERVICE REQUESTED

212.CRT37-20151014.S11

ALEX  P KATOFSKY
27200 AGOURA   ROAD  # 980
CALABASAS,  CA 91301

| | |
|---|---|
| 1 | KENNETH S. GAINES, ESQ. SBN 049045 |
| | ken@gaineslawfirm.com |
| 2 | DANIEL F. GAINES, ESQ. SBN 251488 |
| | daniel@gaineslawfirm.com |
| 3 | ALEX P. KATOFSKY, ESQ. SBN 202754 |
| | alex@gaineslawfirm.com |
| 4 | **GAINES & GAINES, APLC** |
| | 27200 Agoura Road, Suite 101 |
| 5 | Calabasas, California 91301 |
| | Telephone: (818) 703-8985 |
| 6 | Facsimile: (818) 703-8984 |

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
09/30/2015 at 10:38:15 AM
Clerk of the Superior Court
By Gloria Arce-Barroso, Deputy Clerk

7    Attorneys for Plaintiff GILLIAN BROWN, on behalf of herself and others similarly situated

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| GILLIAN BROWN, on behalf of herself and all others similarly situated, | Case No.: 37-2015-00033027-CU-MC-CTL |
| | CLASS ACTION |
| Plaintiff, | COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF |
| v. | |
| 22ND DISTRICT AGRICULTURAL ASSOCIATION, a State entity; and DOES 1 through 10, inclusive, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

Filed By Fax
River City Process Service

Plaintiff GILLIAN BROWN ("Brown" or "Plaintiff"), on behalf of herself and all others similarly situated (the "Class" or "Plaintiff Class"), complains of Defendants, and each of them, as follows:

## I.

## INTRODUCTION

1.    This is a Class Action, pursuant to Code of Civil Procedure § 382, on behalf of Plaintiff and other individuals who used credit or debit cards to make purchases from a business owned and/or operated by Defendant 22ND DISTRICT AGRICULTURAL ASSOCIATION, a State entity, and any subsidiaries or affiliated entities (hereinafter, collectively "Defendants").

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

2.    In 2003, Congress passed the Fair and Accurate Credit Transaction Act ("FACTA") to assist in the prevention of identity theft and credit and debit card fraud.

3.    A main provision of FACTA (codified as 15 U.S.C. § 1681c(g) of the Fair Credit Reporting Act) provides that:

> "No person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction."

4.    Defendants have willfully violated this law and failed to protect Plaintiff and others similarly situated against identity theft and credit card and debit card fraud by printing the expiration date of the credit or debit card number on receipts provided to debit card and credit card cardholders transacting business with Defendants.

5.    Plaintiff, on behalf of herself and all others similarly situated, brings this action against Defendants based on Defendants' violation of 15 U.S.C. §§ 1681 *et seq.*

6.    Plaintiff seeks, on behalf of herself and the class, statutory damages, costs and attorneys' fees, all of which are expressly made available by statute at 15 U.S.C. §§ 1681 *et seq.*, and a permanent injunction enjoining Defendants from continuing their unlawful practice of willfully violating FACTA's provisions intended to safeguard against identity theft and credit and debit card fraud.

7.    On July 22, 2015, Plaintiff complied with the California Tort Claims Act, California Government Code sections 810-996.6, by submitting a claim to Defendants, designated claim number G625954.  On August 11, 2015, Defendants sent a letter to Plaintiff initially denying the claim, based on the potential existence of private insurance.  On September 25, 2015, Defendants sent a letter to Plaintiff formally rejecting Plaintiff's claim.  Therefore, Plaintiff may commence this action.

\\

\\

\\

II.

## PARTIES

8.     Plaintiff Gillian Brown is, and at all times relevant hereto was, a resident of the State of California, County of San Diego.

9.     Defendant 22nd District Agricultural Association is, and at all times relevant hereto was, a State entity, with its principal place of business in the State of California, County of San Diego.

10.     The violations alleged herein occurred in the County of San Diego. Venue as to each Defendant is therefore proper in this judicial district pursuant to Code of Civil Procedure § 395.

11.     The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 to 10, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names under Code of Civil Procedure § 474. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

12.     Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.

## III.

## FACTUAL BACKGROUND

13.     Plaintiff is informed and believes, and based thereon alleges, that at all times since at least July 2, 2010, Defendants have managed and operated the Del Mar Fairgrounds, the Horsepark, and other State owned properties, on behalf of the State of California. The

- 3 -

1  Fairgrounds and Horsepark are the sites of nearly 350 events each year, including the San Diego
2  County Fair.

3       14.    Based on information and belief, Plaintiff alleges that Defendants accept credit
4  and debit cards from customers to pay for goods and services at Defendants' events, including
5  the San Diego County Fair.

6       15.    Plaintiff used a debit or credit card to make a purchase at the San Diego County
7  Fair on July 2, 2015. The expiration date of her credit or debit card number was printed on the
8  receipt generated and provided to her at the point of sale.

9       16.    Plaintiff is informed and believes, and based thereon alleges, that Defendants
10 printed the expiration date of the credit or debit card number on receipts provided to their
11 customers for credit and debit card transactions for some or all of the time period since at least
12 July, 2015.

13                                      IV.

14                           **CLASS ALLEGATIONS**

15      17.    Plaintiff brings this class action pursuant to California Code of Civil Procedure §
16 382. Plaintiff seeks to certify a Class composed of and defined as follows:

17            "All individuals who were issued an electronically printed debit
18            and/or credit card receipt at the Del Mar Fairgrounds in the City of
19            Del Mar that did not comply with FACTA at any time between July 2,
20            2010 and the present."

21 **A.    Numerosity**

22      18.    The Class is so numerous that joinder of all individual members in one action
23 would be impracticable. The disposition of the individual claims of the respective class members
24 through this class action will benefit both the parties and this Court.

25      19.    Plaintiff is informed and believes, and thereon alleges, that there are, at minimum,
26 fifty members of the Plaintiff Class.

27 \\

28 \\

- 4 -

20.     The exact size of the Plaintiff Class and the identities of the individual members thereof are ascertainable through Defendants' records, including, but not limited to, Defendants' sales and transaction records.

**B.    Typicality**

21.     Plaintiff's claims are typical of the claims of the Class. The claims of the Plaintiff and the Class are based on the same legal theories and arise from the same unlawful conduct.

22.     Plaintiff and the Class members were customers of Defendants, each having made a purchase from, or transacted other business with, Defendants using a credit card and/or debit card. At the point of such sale or transaction with Plaintiff and Class members, Defendants provided to Plaintiff and each Class member a receipt which violated 15 U.S.C. § 1681c(g).

**C.    Common Questions of Fact and Law**

23.     There is a well-defined community of interest and common questions of fact and law affecting the Class members.

24.     The questions of fact and law common to the Class predominate over questions which may affect individual members and include the following:

    (a)     Whether Defendants' conduct of providing Plaintiff and the Class members with a sales or transaction receipt whereon Defendants printed the expiration date of the credit or debit card number violated FACTA, 15 U.S.C. §§ 1681 *et seq.*;

    (b)     Whether Defendants' conduct was willful;

    (c)     Whether Plaintiff and Class members are entitled to statutory damages, costs and/or attorneys' fees for Defendants' acts and conduct; and

    (d)     Whether Plaintiff and Class members are entitled to a permanent injunction enjoining Defendants from continuing to engage in their unlawful conduct.

**D.    Adequacy of Representation**

25.     Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class. Plaintiff will fairly, adequately and vigorously represent and protect the interests of the Class members and has no interests antagonistic to the Class

- 5 -

1  members. Plaintiff has retained counsel who are competent and experienced in the prosecution
2  of class action litigation.

3  **E. Superiority**

4  26.  A class action is superior to other available means for the fair and efficient
5  adjudication of the Class claims. The damages suffered by individual Class members are
6  relatively small. As a result, the expense and burden of individual litigation makes it
7  economically infeasible and procedurally impracticable for each Class member to individually
8  seek redress for the wrongs done to them. Plaintiff does not know of any other litigation
9  concerning this controversy already commenced by or against any Class member. The likelihood
10  of the individual Class members prosecuting separate claims is remote. Individualized litigation
11  would also present the potential for varying, inconsistent or contradictory judgments, and would
12  increase the delay and expense to all parties and the court system resulting from multiple trials of
13  the same factual issues. In contrast, the conduct of this matter as a class action presents fewer
14  management difficulties, conserves the resources of the parties and the court system, and would
15  protect the rights of each Class member. Plaintiff knows of no difficulty to be encountered in the
16  management of this action that would preclude its maintenance as a class action.

17  **F. Injunctive Relief**

18  27.  Defendants have acted on grounds generally applicable to the Class members,
19  thereby making appropriate final injunctive relief with respect to the Class as a whole.

20  **V.**

21  **FIRST CAUSE OF ACTION**

22  **PLAINTIFF AND THE CLASS AGAINST ALL DEFENDANTS**

23  **FOR VIOLATION OF 15 U.S.C. §§ 1681 *ET SEQ.***

24  28.  Plaintiff hereby incorporates by reference all the allegations contained in
25  paragraphs 1 through 27, inclusive, of this Complaint as if fully set forth herein.

26  29.  Plaintiff asserts this claim on behalf of herself and the Class against Defendants
27  and each of them.

28  \\

- 6 -

30. Title 15 U.S.C. § 1681c(g)(1) provides in relevant part that:

"...no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction."

31. Defendants transact business in California and accept credit cards and/or debit cards in the course of transacting business with persons such as Plaintiff and the Class members. In transacting such business, Defendants use cash registers and/or other machines or devices that electronically print receipts for credit card and/or debit card transactions.

32. Defendants, at the point of sale or transaction with Plaintiff, provided Plaintiff with one or more electronically printed receipts on each of which Defendants printed the expiration date of Plaintiff's credit or debit card number.

33. Defendants, at the point of a sale or transaction with Class members, provided, through use of a machine, each member of the Class with one or more electronically printed receipts, each of which Defendants printed, for each respective Class member, the expiration date of such member's credit or debit card number.

34. Defendants' actions were and continue to be willful. Defendants intentionally printed the expiration date of the credit or debit card number on Plaintiff's and Class members' receipts. Defendants knew of, or should have known of, and were informed about the law, including specifically FACTA's requirements concerning the prohibition on printing the expiration date of the credit or debit card number.

35. In addition, on information and belief, many companies such as VISA and MasterCard devised and implemented policies well before the operative date of FACTA's requirements, wherein such companies as VISA and MasterCard and others required Defendants (and informed Defendants of the FACTA requirements) to prevent the printing of the expiration date of the credit or debit card number on receipts.

36. Despite knowing and being repeatedly informed about FACTA and the importance of preventing the printing the expiration date of credit or debit card numbers on

- 7 -

receipts, Defendants and each of them willfully violated and continue to violate FACTA's requirements by printing the expiration date of the credit or debit card number on the receipts provided to Class members -- persons with whom Defendants transact business.

37.     Defendants willfully violated FACTA in conscious disregard of the rights of Plaintiff and the Class members thereby exposing Plaintiff and the Class members to an increased risk of identity theft and credit and/or debit card fraud.

38.     As a result of Defendants' willful violations of FACTA, Defendants are liable to Plaintiff and each Class member in the statutory damage amount of "not less than $100 and not more than $1000" for each violation. 15 U.S.C. 1681n(a)(1)(A).

39.     As a result of Defendants' willful violations of FACTA, Plaintiff and the Class members are entitled to recover costs of suit and their reasonable attorneys' fees. 15 U.S.C. 1681n(a)(3).

40.     Defendants' conduct is continuing and, unless restrained, Defendants will continue to engage in their unlawful conduct.

## VI.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the Class members, prays for:

1.     An order certifying the Class and appointing Plaintiff as the representative of the Class, and appointing Gaines & Gaines, APLC representing Plaintiff as counsel for the Class;

2.     An award to Plaintiff and the Class members of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A) for Defendants' willful violations of FACTA;

3.     Payment of costs of suit herein incurred pursuant to, *inter alia*, 15 U.S.C. § 1681n(a)(3);

4.     Payment of reasonable attorneys' fees pursuant to, *inter alia*, 15 U.S.C. § 1681n(a)(3);

5.     A permanent injunction enjoining Defendants and each of them from engaging in their violations of FACTA; and

6.     For other and further relief as the Court deems proper.

- 8 -

1    Dated: September 28, 2015                Respectfully submitted,

2                                            GAINES & GAINES, APLC

3
                                            By: _____
4                                                DANIEL F. GAINES
                                                ALEX P. KATOFSKY
5                                               Attorneys for Plaintiff

6

7                          **DEMAND FOR JURY TRIAL**

8        Plaintiff, on behalf of herself and the putative Class members, demands a trial by jury on

9    all claims and causes of action to which she is entitled to a jury trial.

10   Dated: September 28, 2015                Respectfully submitted,

11                                           GAINES & GAINES, APLC

12
                                            By: _____
13                                               DANIEL F. GAINES
                                                ALEX P. KATOFSKY
14                                              Attorneys for Plaintiff

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                        - 9 -

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

| | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| BRANCH NAME: | Central |
| TELEPHONE NUMBER: | (619) 450-7070 |

PLAINTIFF(S) / PETITIONER(S):     GILLIAN BROWN

DEFENDANT(S) / RESPONDENT(S):   22ND DISTRICT AGRICULTURAL ASSOCIATION A STATE ENTITY

BROWN VS. 22ND DISTRICT AGRICULTURAL ASSOCIATION A STATE ENTITY

| NOTICE OF CASE ASSIGNMENT and CASE MANAGEMENT CONFERENCE | CASE NUMBER: 37-2015-00033027-CU-MC-CTL |
|---|---|

## CASE ASSIGNMENT

Judge:  Randa Trapp                                                       Department: C-70

**COMPLAINT/PETITION FILED:** 09/30/2015

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 04/08/2016 | 09:50 am | C-70 | Randa Trapp |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

*ALTERNATIVE DISPUTE RESOLUTION (ADR):  THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:          330 West Broadway <br> MAILING ADDRESS:      330 West Broadway <br> CITY, STATE, & ZIP CODE: San Diego, CA  92101-3827 <br> BRANCH NAME:           Central | |

| PLAINTIFF(S):     GILLIAN BROWN |
|---|
| DEFENDANT(S): 22ND DISTRICT AGRICULTURAL ASSOCIATION A STATE ENTITY |
| SHORT TITLE:    BROWN VS. 22ND DISTRICT AGRICULTURAL ASSOCIATION A STATE ENTITY |

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: 37-2015-00033027-CU-MC-CTL |
|---|---|

Judge: Randa Trapp                                                    Department: C-70

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

- [ ] Mediation (court-connected)
- [ ] Mediation (private)
- [ ] Voluntary settlement conference (private)
- [ ] Neutral evaluation (private)
- [ ] Other (specify e.g., private mini-trial, private judge, etc.): _____

- [ ] Non-binding private arbitration
- [ ] Binding private arbitration
- [ ] Non-binding judicial arbitration (discovery until 15 days before trial)
- [ ] Non-binding judicial arbitration (discovery until 30 days before trial)

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____          Date: _____

_____          _____
Name of Plaintiff                         Name of Defendant

_____          _____
Signature                                 Signature

_____          _____
Name of Plaintiff's Attorney              Name of Defendant's Attorney

_____          _____
Signature                                 Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated:  10/01/2015                        _____
                                          JUDGE OF THE SUPERIOR COURT

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection:  Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 W Broadway<br>MAILING ADDRESS: 330 W Broadway<br>CITY AND ZIP CODE: San Diego CA 92101-3827<br>BRANCH NAME: Central | |
| Short Title: BROWN vs. 22ND DISTRICT AGRICULTURAL ASSOCIATION A STATE ENTITY | |

| NOTICE OF CONFIRMATION OF ELECTRONIC FILING | CASE NUMBER:<br>37-2015-00033027-CU-MC-CTL |
|---|---|

San Diego Superior Court has reviewed the electronic filing described below. The fee assessed for processing and the filing status of each submitted document are also shown below.

### Electronic Filing Summary Data

| | |
|---|---|
| Electronically Submitted By: | Alex Katofsky |
| On Behalf of: | GILLIAN BROWN |
| Transaction Number: | 1174464 |
| Court Received Date: | 09/30/2015 |
| Filed Date: | 09/30/2015 |
| Filed Time: | 10:38 AM |
| Fee Amount Assessed: | $435.00 |
| Case Number: | 37-2015-00033027-CU-MC-CTL |
| Case Title: | BROWN vs. 22ND DISTRICT AGRICULTURAL ASSOCIATION A STATE |
| Case Title: | ENTITY |
| Location: | Central |
| Case Type: | Misc Complaints - Other |
| Case Category: | Civil - Unlimited |
| Jurisdictional Amount: | > 25000 |

| Status | Documents Electronically Filed/Received |
|---|---|
| Accepted | Complaint |
| Accepted | Civil Case Cover Sheet |
| Accepted | Original Summons |

CASE TITLE: BROWN vs. 22ND DISTRICT AGRICULTURAL ASSOCIATION ART B   CASE NUMBER: 37-2015-00033027-CU-MC-CTL

**Comments**

**Clerk's Comments:**
**Events Scheduled**

| Hearing(s) | | Date | Time | Location | Department |
|---|---|---|---|---|---|
| Civil Case Conference | Management | 04/08/2016 | 09:50 AM | Central | C-70 |

**Electronic Filing Service Provider Information**

Service Provider:     OneLegal
Email:                support@onelegal.com
Contact Person:       Customer Support
Phone:                (800) 938-8815