KENNETH S. GAINES, ESQ. SBN 049045
ken@gaineslawfirm.com
DANIEL F. GAINES, ESQ. SBN 251488
daniel@gaineslawfirm.com
ALEX P. KATOFSKY, ESQ. SBN 202754
alex@gaineslawfirm.com
SEPIDEH ARDESTANI, ESQ. SBN 274259
sepideh@gaineslawfirm.com
**GAINES & GAINES, APLC**
27200 Agoura Road, Suite 101
Calabasas, California 91301
Telephone: (818) 703-8985
Facsimile: (818) 703-8984

Attorneys for Plaintiff Gillian Brown
and Proposed Class Counsel

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILLIAN BROWN, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>22ND DISTRICT AGRICULTURAL ASSOCIATION, a State entity; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 15cv2578-JAH (DHB)<br><br>Honorable David H. Bartick<br><br>**NOTICE OF MOTION AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>**DATE: October 13, 2016**<br>**TIME: 3:30 p.m.**<br>**COURTROOM: 1D** |

**TO THE COURT AND TO ALL PARTIES:**

**PLEASE TAKE NOTICE** that on October 13, 2016, at 3:30 p.m., in Courtroom Courtroom 1D of the United States District Court for the Southern District of California, located at 221 W. Broadway, San Diego, California 92101, Plaintiff Gillian Brown will, and hereby does, move this Honorable Court for an order:

(1) of preliminary approval and conditionally certifying a proposed settlement class;

(2) directing that notice of the proposed settlement agreement be provided through the mechanism agreed to by and between the parties;

(3) scheduling a final fairness hearing for final approval of the proposed class action settlement.

This motion will be based on this Notice and accompanying Memorandum of Points and Authorities, the Declaration of Daniel F. Gaines, the Class Action Settlement Agreement and Release (including exhibits), all filed herewith, and on such further evidence and argument as may be presented at the hearing.

DATED:  September 7, 2016                Respectfully submitted,

                                          GAINES & GAINES,
                                          A Professional Law Corporation


                                          By:   _/s/ Alex P. Katofsky_
                                                DANIEL F. GAINES
                                                ALEX P. KATOFSKY
                                                Attorneys for Plaintiff Gillian Brown
                                                and Proposed Class Counsel

1

## TABLE OF CONTENTS

2  I.     INTRODUCTION ........................................................................ 1

3  II.    PROCEDURAL AND FACTUAL BACKGROUND ...................................... 3

4  III.   SUMMARY OF SETTLEMENT TERMS .......................................... 6

5         A.    The Settlement Class .................................................... 6

6         B.    Economic Relief ............................................................ 6

7         C.    The Release by Plaintiff and Class Members ........................ 7

8  IV.    PRELIMINARY SETTLEMENT APPROVAL PROCESS ........................... 8

9         A.    Provisional Certification of the Settlement Class ................. 10

10        B.    Settlement Administration Timeline .................................. 10

11 V.     PRELIMINARY APPROVAL OF THE SETTLEMENT IS
          APPROPRIATE ........................................................................... 11
12
13        A.    The Terms of the Proposed Settlement Provide Reasonable
                Compensation for Plaintiff's and Class Members' Damages .............. 13
14
                1.    The Settlement Provides a Significant Monetary Benefit to Class
15                    Members  ...................................................................... 13

16              2.    The Settlement's Financial Terms Reflect a Fair Discount off the
17                    Maximum Value of the Case Based on Litigation Risks, and The
                      Terms Are Far More Favorable Than Other Similar FACTA
18                    Settlements ................................................................... 15
19
                3.    The Settlement is the Product of Serious Arm's-Length, Informed
20                    Negotiations and There are no Indications Present to Doubt its
21                    Fairness ...................................................................... 17

22        B.    The Terms of the Proposed Settlement Provide Reasonable
23              Compensation for Plaintiff's and Class Members' Damages .............. 18

24 VI.    PROVISIONAL CLASS CERTIFICATION IS APPROPRIATE ................. 18

25        A.    FRCP 23(a) Requirements For Class Certification Are Met ............... 18

26              1.    Numerosity ................................................................... 18

27              2.    Commonality ................................................................ 19

28              3.    Typicality...................................................................... 19

NOTICE OF MOTION AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT

1

# TABLE OF CONTENTS
## (continued)

2

3                4.       Adequacy of Representation...............................................20

4       B.    FRCP 23(b)(3) Requirements for Class Certification are Met .............21

5                1.       Predominance ...................................................................21

6                2.       Superiority .......................................................................22

7    VII.   THE PROPOSED CLASS NOTICE IS APPROPRIATE ..............................22

8       A.    The Class Notice Satisfies Due Process...............................................22

9       B.    The Proposed Notice is Accurate and Informative ...............................23

10   VIII.  A FINAL APPROVAL HEARING SHOULD BE SCHEDULED................24

11   IX.    CONCLUSION ........................................................................................25

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT

## TABLE OF AUTHORITIES

### Statutes and Rules

15 U.S.C. § 1681 *et seq.* ...................................................................................1, 14

Fed. R. Civ. P. 23..................................................................8, 18, 19, 20, 21, 22, 24

### Cases

*Acosta v. Trans Union LLC*,
    243 F.R.D. 377 (C.D. Cal. 2007) ...................................................11

*Amchem Prods., Inc. v. Windsor*,
    521 U.S. 591 (1997) .......................................................................21

*Class Plaintiffs v. City of Seattle*,
    955 F. 2d 1268 (9th Cir. 1992)..........................................................9

*Cotton v. Hinton*,
    559 F.2d 1326 (5th Cir. 1977).........................................................17

*Cox v. American Cast Iron Pipe*,
    784 F.2d 1546 (11th Cir. 1986)..........................................18, 19, 21

*Hanlon v. Chrysler Corp.*,
    150 F. 3d 1011 (9th Cir. 1998)..............................9, 19, 20, 21, 22

*Harris v. Vector Marketing Corp.*,
    2011 WL 1627973, *7 (N.D. Cal. April 29, 2011) ...........................9

*Gen. Tel. Co. of the SW v. Falcon*,
    12 S.Ct. 2364, 457 U.S. 147 (1982) ...............................................19

*Griffin v. Carlin*,
    755 F.2d 1516 (11th Cir. 1985)........................................................20

*In re Corrugated Container Antitrust Litig.*,
    643 F.2d 195 (5th Cir. 1981) ...........................................................13

*In re Prudential Securities, Inc.*,
    163 F.R.D. 200 (S.D.N.Y. 1995)......................................................11

NOTICE OF MOTION AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

# TABLE OF AUTHORITIES
### (continued)

*In re Tableware Antitrust Litig.*,
    484 F. Supp. 2d 1078 (N.D. Cal. 2007)...........................................................9

*In re Traffic Exec. Ass'n*,
    627 F.2d 631 (2d Cir. 1980) ...................................................................11

*Martens v. Smith Barney*,
    181 F.R.D. 243 (S.D.N.Y. 1998).............................................................17

*Molski v. Gleich*,
    318 F.3d 937 (9th Cir. 2003) .................................................................18

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*,
    221 F.R.D. 523 (C.D. Cal. 2004) .............................................................8

*Officers for Justice v. Civ. Serv. Comm'n of San Francisco*,
    688 F.2d 615 (9th Cir. 1982) .................................................................17

*Tchoboian v. FedEx Office and Print Services, Inc.*,
    (C.D. Cal., No. 8:10-cv-01008-JAK-MLGx)..................................................15

*Torrisi v. Tucson Elec. Power Co.*,
    8 F.3d 1370 (9th Cir. 1993) .............................................................11, 12

*Van Bronkhorst v. Safeco Corp.*,
    529 F.2d 943 (9th Cir. 1976) .................................................................11

*Welmer v. Syntex*,
    117 F.R.D. 641 (N.D. Cal. 1987) .............................................................20

*Yamamoto v. Omiya*,
    564 F.2d 1319 (9th Cir. 1977)................................................................11

## Treatises

2 Alba Conte & Herbert B. Newberg,
    *Newberg on Class Actions*, § 8.21 (2d ed. 1985)...........................................24

NOTICE OF MOTION AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

1

# <u>TABLE OF AUTHORITIES</u>
**(continued)**

2

3

2 Alba Conte & Herbert B. Newberg,
   *Newberg on Class Actions*, § 8.39 (2d ed. 1985) ............................................24

4

5

4 Alba Conte & Herbert B. Newberg,
   *Newberg on Class Actions*, § 11.22 (4th ed. 2002) ....................................9, 10

6

7

4 Alba Conte & Herbert B. Newberg,
   *Newberg on Class Actions*, § 11.25 (4th ed. 2002) ............................9, 11, 12

8

9

4 Alba Conte & Herbert B. Newberg,
   *Newberg on Class Actions*, § 11.26 (4th ed. 2002) ....................................9, 10

10

11

4 Alba Conte & Herbert B. Newberg,
   *Newberg on Class Actions*, § 11.41 (4th ed. 2002) ............................11, 12, 18

12

13

Manual for Complex Litigation (Third) § 30.41 (1995).............................8, 9, 10, 12

14

Manual for Complex Litigation (Third) § 30.211 (1995).........................................24

15

16

Manual for Complex Litigation (Third) § 30.212 (1995).........................................24

17

Manual for Complex Litigation (Fourth) § 21.62 (2004)........................................24

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT

1   **I.   INTRODUCTION**

2          The parties to this action are pleased to report that they have reached a fair and

3   reasonable agreement to settle this matter following the exchange of discovery and

4   arm's-length negotiations with the assistance of a skilled Magistrate Judge.  Plaintiff

5   Gillian Brown ("Plaintiff" or "Brown"), on behalf of herself and others similarly

6   situated, Defendant 22nd District Agricultural Association ("Defendant" or

7   "Association"), and Third Party Defendant Solar On Set, LLC ("Solar") (Brown,

8   Association, and Solar are collectively referred to herein as the "Parties") seek

9   preliminary approval of their proposed class action settlement.

10         The settlement provides real and valuable relief to visitors of the San Diego

11  County Fair ("County Fair").

12         The Association is a government entity of the State of California, the principal

13  purpose of which is managing the Del Mar State Fairgrounds ("Fairgrounds") and the

14  annual County Fair which takes place there every summer.  Plaintiff brought this

15  action against the Association, after being subject to its failure to truncate the

16  expiration dates on her credit card receipt when she made a purchase at the County

17  Fair in July, 2015.  The Complaint alleges that the Association violated the Fair and

18  Accurate Credit Transaction Act ("FACTA"), itself an amendment to the Fair Credit

19  Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA"), by printing a receipt containing

20  the expiration date of Plaintiff's credit card.[1]

21         During the applicable statutory period, September 10, 2010 through the date of

22  preliminary approval, Defendant estimates that it generated approximately 100,000

23  allegedly defective receipts failing to properly truncate credit and debit cards'

24

25

26  ─────────────────────
    [1] Defendant does not believe that any liability to Plaintiff or Class Members exists, or
27  that Plaintiff or Class Members are entitled to any recovery.  In addition, Defendant
    contends that Plaintiff's claims are not suitable for class action treatment.  However,
28  Defendant has made a business decision to resolve the matter on the terms set forth in
    the settlement agreement submitted hereto for approval by this Court.

NOTICE OF MOTION AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT

expiration dates as required by FACTA[2].  Plaintiff alleges that the Defendant's actions were willful within the meaning of FACTA and that she and the Class are entitled to millions of dollars in statutory penalties, plus attorneys' fees, punitive damages, and costs.  Declaration of Daniel F. Gaines in Support of Unopposed Motion for Preliminary Approval of Class Action Settlement ("Gaines Decl.") at ¶ 27.

The Parties have agreed to settle this matter for a settlement package valued at $925,000.  As a result of this settlement, Defendant has agreed that the practice at the heart of this litigation – the failure to redact private information from consumers' credit and debit card receipts – has ceased and will not occur in the future.  Gaines Decl. at ¶ 25.

Although the Parties understand that no Class Member, including Plaintiff, has suffered any actual damages from the violations alleged, the compromise provides each and every attendee of the 2017 San Diego County Fair reduced entry fees – fifty cents below the then-current fair market value of such admission prices, as to be determined by an expert or otherwise agreed upon between Plaintiff and the Association.  Gaines Decl. at ¶ 28.  To the extent the total discount at the 2017 County Fair does not reach $750,000, additional discounts will be extended for 2018 County Fair admission prices so the $750,000 cumulative discount is reached.  Gaines Decl. at ¶ 29.

This proposed settlement[3] resolves all of the Named Plaintiff's and Settlement Class members' claims against Defendant and Solar (and the Third Party Complaint by the Association against Solar), and satisfies all of the criteria for preliminary

---

[2] The truncation issue affected only a small portion of the total receipts issued by the Association and other vendors at the County Fairs between 2011 and 2015.

[3] The Parties' Class Action Settlement Agreement and Release ("Settlement", "Stipulation", or "Stip.") is attached to the Declaration of Daniel F. Gaines, submitted herewith as **Exhibit B**.

NOTICE OF MOTION AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

settlement approval under federal law, and is fair, reasonable, and adequate. Accordingly, the Parties request that the Court:

1.   Provisionally certify the proposed settlement class for settlement purposes;

2.   Grant preliminary approval of the proposed Settlement;

3.   Approve the proposed notice program and the forms proposed by the Parties (collectively the "Settlement Documents");

4.   Confirm the appointment of Plaintiff Gillian Brown as Class Representative;

5.   Confirm the appointment of Kenneth S. Gaines, Daniel F. Gaines, and Alex P. Katofsky of Gaines & Gaines, APLC as Settlement Class Counsel;

6.   Confirm the appointment of Simpluris, Inc. as settlement administrator;

7.   Set deadlines for issuing class notice and for opting out of, or objecting to, the settlement; and

8.   Schedule a final approval hearing.

## II.   PROCEDURAL HISTORY AND FACTUAL BACKGROUND

On September 30, 2016, Plaintiff initiated the Action by filing a putative class action Complaint in the Superior Court of the State of California, County of San Diego entitled *Gillian Brown v. 22nd District Agricultural Association*, Case No. 37-2015-00033027-CU-MC-CTL. The Complaint alleges that the Association violated FACTA by printing a receipt containing the expiration date of Plaintiff's credit card used in a transaction at the 2015 County Fair.  Gaines Decl. at ¶ 7; Stip. at ¶ 1.4.

The Association answered the Complaint and asserted various affirmative defenses in the State Court on November 16, 2015.  Gaines Decl. at ¶ 8; Stip. at ¶ 1.5.

On November 17, 2015, the Association removed the Action to United States District Court for the Southern District of California.  Gaines Decl. at ¶ 9; Stip. at ¶ 1.6.

On February 8, 2016, the Association filed its Third Party Complaint ("Third Party Complaint") against Solar alleging the following causes of action against Solar: Breach of Contract, Breach of the Implied Covenant of Good Faith and Fair Dealing, Express Contractual Indemnity, Comparative Indemnity, Equitable Indemnity, and Declaratory Relief.  Gaines Decl. at ¶ 10; Stip. at ¶ 1.7.

The Association denies all material allegations of the Complaint.  The Association specifically disputes that it printed a non-compliant receipt pursuant to FACTA, either willfully or negligently, at any relevant time to Plaintiff or putative class members, disputes that it violated any provision of the FCRA, and disputes that Plaintiff and putative class members are entitled to any relief from the Association. The Association further contends that the Action would not be amenable to class certification if class certification were sought by Plaintiff and opposed by the Association.  Gaines Decl. at ¶ 11; Stip. at ¶ 1.8.

The Association further alleges that, had any violations of FACTA or the FCRA occurred at the County Fair, which it expressly denies, such violations were the direct result of actions and omissions of Solar.  Gaines Decl. at ¶ 12; Stip. at ¶ 1.9.

Solar denies all material allegations of the Third Party Complaint. Solar specifically disputes that Solar breached a contract with the Association, disputes that Solar breached an implied covenant of good faith and fair dealing with the Association, disputes that Solar violated any provision of FACTA or the FCRA, and disputes that the Association, Plaintiff, and putative class members are entitled to any relief from Solar.  Gaines Decl. at ¶ 13; Stip. at ¶ 1.10.

The Parties recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the claims through trial, possible appeals and ancillary actions.  The Parties also have taken into account the uncertain outcome and the risk of any litigation, especially in multi-party actions such as this proceeding, as well as the difficulties and delays inherent in such litigation.  The Parties also are mindful of the potential problems of proof in establishing the claims and defenses

asserted in this proceeding and the uncertainty of whether and to what extent the Association and Solar have insurance coverage or other available funding in the event of any success in this litigation.  Gaines Decl. at ¶ 14; Stip. at ¶ 1.11.

The Agreement resulted from, and is the product of, extensive, good faith and arm's length settlement negotiations over many months, including numerous telephonic and in-person negotiations, all of which followed the exchange of informal discovery and factual and legal analysis by the Parties regarding the claims alleged. The Parties participated in mediation vis-à-vis the District Court's Early Neutral Evaluation conference held on March 10, 2016 ("ENE"), as well as follow-up meetings and negotiations for nearly four months thereafter, to reach a resolution in principle.  The Parties also participated in numerous telephone calls prior to the ENE in order to lay the ground work for mediation.  The Parties submitted detailed ENE statements to the Honorable David H. Bartick setting forth their respective views as to the strengths of the case.  Gaines Decl. at ¶ 15; Stip. at ¶ 1.12.

At all times, the Parties' settlement negotiations have been non-collusive, adversarial, and at arm's length.  Gaines Decl. at ¶ 19.

Discussions between counsel for the Parties, informal discovery, as well as the investigation and evaluation of the claims of Plaintiff by the Parties, have permitted each side to assess the relative merits of the claims and the defenses to those claims. The Parties agree that the above-described investigation and evaluation, as well as the information exchanged during settlement negotiations and mediation, are more than sufficient to assess the merits of the respective Parties' positions and to compromise the issues on a fair and equitable basis.  Based on their own independent investigations and evaluations, Class Counsel is of the opinion that the consideration and terms of the Settlement as described herein, considering the risk of loss on class certification, the risk of loss on the merits, the risk of Defendant's ability to pay a substantial judgment, and the risk of a reduction in any damages sought or awarded, is fair, reasonable, and adequate in light of all known facts and circumstances, and is

- 5 -

1   in the best interests of the Class.

2   **III.   SUMMARY OF SETTLEMENT TERMS**

3   The significant terms of Stipulation of Settlement are set forth below.

4   **A.   The Settlement Class**

5   The Settlement Class is defined as:

6   > [T]hose persons who were issued an electronically printed
> debit and/or credit card receipt during the San Diego
> County Fair at the Del Mar Fairgrounds in violation of the
> truncation requirements of FACTA at any time between
> September 30, 2010 and the date of preliminary approval of
> [the Settlement].

Stip. at ¶ 2.31.

**B.   Economic Relief**

The economic relief provided in the Settlement is as follows:

*The Reduced Admission Prices.*  Each admission entrance fee for the 2017 San Diego County Fair (subject to a $750,000 total reduction cap) shall be reduced fifty (50) cents from the then-current fair market value of such admission prices as determined by the Neutral Expert or as otherwise agreed upon between Class Counsel and the Association and the Association's Counsel.  To the extent the reduction cap has not been met through the 2017 San Diego County Fair fee reduction, each admission entrance fee for the 2018 San Diego County Fair (subject to a $750,000 total reduction cap, inclusive of the previous year reduction) shall be reduced *pro rata* based on a calculation of the expected 2018 attendance and the remaining amount under the reduction cap.  The Neutral Expert shall conduct its analysis and provide its recommendations no later than the Opt-Out and Objection Deadline, and the final agreed upon pricing for the 2017 San Diego County Fair shall be submitted to the Court in connection with the Motion for Final Approval.  Stip. at ¶ 9.2(A).

*The Common Fund.*  The Association and Solar shall also pay a Common Fund of exactly $175,000 ($170,000 by the Association and $5,000 by Solar) which shall

- 6 -

be used to compensate (1) the Settlement Administrator for its services in providing publication and website notice and other settlement administration services (as detailed herein), (2) Plaintiff Gillian Brown for an incentive award (subject to Court approval), (3) Class Counsel for their attorneys' fees and costs (subject to Court approval), and (4) the Neutral Expert described above.  Any unawarded or unrequested portion of the Common Fund shall be paid to a privacy protection-related *cy pres* recipient to be proposed to the Court in connection with the Motion for Final Approval.[4]  Stip. at ¶ 9.2(B).

## C.    The Release by Plaintiff and Class Members

The release, to which all Class Members (except for those who submit a valid and timely request for exclusion) will be bound, is as follows:

> All Releasing Parties will be deemed to have fully released and forever discharged the Released Parties from any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, as of the Effective Date, that arise out of or relate in any way to the Released Parties' printing of information on receipts provided to Settlement Class Members at the San Diego County Fair at the Del Mar Fairgrounds in the City of Del at any time between September 30, 2010 and the date of preliminary approval of the settlement, to the fullest extent that those terms are used, defined or interpreted by the FCRA,

---

[4] The Association represents and warrants that its adult admission entrance fees between 2005 and 2016 are as stated in Exhibit 3 to the Settlement.  The Association also represents that the attendance at the 2015 County Fair was no fewer than 1.5 million people.

1
2
3
4
5

> including FACTA, relevant regulatory or administrative promulgations and case law, including, but not limited to, claims under or for a violation of the FCRA and any other statutory or common law claim arising from the printing of information on receipts provided to Plaintiff and/or Settlement Class Members (collectively, the "Released Claims).

6   Stip. at ¶ 15.2.

7   ## IV.   <u>PRELIMINARY SETTLEMENT APPROVAL PROCESS</u>

8   A class action may not be dismissed, compromised or settled without court

9   approval. Fed. R. Civ. P. ("FRCP") 23(e). "The purpose of Rule 23(e) is to protect

10   the unnamed members of the class from unjust or unfair settlements affecting their

11   rights." *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1100 (9th Cir.2008).

12   Judicial proceedings under the Federal Rules of Civil Procedure have led to a

13   defined procedure and specific criteria for settlement approval in class actions that are

14   thoroughly described in the Manual for Complex Litigation (Fourth) ("*Manual*

15   (Fourth)") § 21.62 (2004). Federal Rule of Civil Procedure 23(e) sets forth a "two-

16   step process in which the Court first determines whether a proposed class action

17   settlement deserves preliminary approval and then, after notice is given to class

18   members, whether final approval is warranted." *Nat'l Rural Telecomms. Coop. v.

19   DIRECTV, Inc.*, 221 F.R.D. 523, 525 (C.D. Cal. 2004) (citing Manual for Complex

20   Litigation (Third) § 30.41 (1995)).

21   > [T]he Court may grant preliminary approval of a settlement and direct notice to the class if the settlement: (1) appears to be the product of serious, informed, non-collusive negotiations; (2) has no obvious deficiencies; (3) does not improperly grant preferential treatment to class representatives or segments of the class; and (4) falls within the range of possible approval. *See Alvarado v. Nederend*, 2011 WL 90228, at *5 (E.D. Cal. Jan.11, 2011) (granting preliminary approval of settlement in wage and hour class action); *Alberto v. GMRI, Inc.*, 252 F.R.D. 652, 666 (E.D.Cal.2008); *Collins v. Cargill Meat Solutions Corp.*,

22
23
24
25
26
27
28

2011 WL 837140, at *6 (E.D.Cal. Mar.9, 2011) (granting preliminary approval of settlement in wage and hour class action); Joseph M. McLaughlin, McLaughlin on Class Actions: Law and Practice § 6.6 (7th ed. 2011) ("Preliminary approval is an initial evaluation by the court of the fairness of the proposed settlement, including a determination that there are no obvious deficiencies such as indications of a collusive negotiation, unduly preferential treatment of class representatives or segments of the class, or excessive compensation of attorneys. . . ."). Closer scrutiny is reserved for the final approval hearing.

*Harris v. Vector Marketing Corp.*, 2011 WL 1627973, *7 (N.D. Cal. April 29, 2011). *See also In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007); *Hanlon v. Chrysler Corp.*, 150 F. 3d 1011, 1027 (9th Cir. 1998) (the court's task is to "balance a number of factors," including "the risk, expense, complexity, and likely duration of further litigation," "the extent of discovery completed and the stage of the proceedings," and "the amount offered in settlement"). This procedure for preliminary approval of settlement agreements, endorsed by the leading class action commentator, Professor Newberg, and commonly used by Federal courts, safeguards class members' procedural due process rights and enables a court to fulfill its role as the "guardian" of the class. *See* 4 Alba Conte & Herbert B. Newberg, *Newberg on Class Actions* ("*Newberg*"), § 11.22 (4th ed. 2002).

The approval or rejection of the proposed settlement is committed to the Court's sound discretion. *See Class Plaintiffs v. City of Seattle*, 955 F. 2d 1268, 1276 (9th Cir. 1992) (in the context of a class action settlement, appellate court cannot "substitute [its] notions of fairness for those of the [trial] judge and the parties to the agreement," and will reverse only upon a strong showing of abuse of discretion).

The Court's preliminary evaluation of the proposed settlement purports to determine whether it is within the permissible "range of reasonableness" and thus, whether the notice to the class is appropriate.  4 *Newberg* § 11.25-26; Manual for Complex Litigation (Third) ("*Manual* (Third)") § 30.41 (1995).

## A.      Provisional Certification of the Settlement Class

The Parties request that the Court provisionally certify the proposed Settlement Class.  Stip. at ¶ 3.2.  Provisional class certification is appropriate at the preliminary approval stage where, as here, the proposed Settlement Class (as defined in the parties' Settlement) has not previously been certified by the Court, and the requirements for certification are met.  4 *Newberg* § 11.22; *see generally*, Gaines Decl. at ¶¶ 30-39.  Pragmatically, provisional class certification facilitates distribution of notice on the terms of the proposed settlement and the date and time of the final approval hearing to all settlement class members.  *See Manual* (Third) § 30.41.

The additional rulings sought by this motion – approving the form, content and dissemination of the class notice and scheduling a formal fairness hearing – facilitate the settlement approval process, and are also traditionally made at this preliminary approval stage.  4 *Newberg* § 11.26.

## B.      Settlement Administration Timeline

The following schedule sets forth a proposed sequence for the relevant dates and deadlines embodied in the Settlement, conditioned upon this Court granting preliminary approval of the proposed Settlement.  This is outlined in the Proposed Order filed herewith.  *See* Stip. at ¶¶ 7.1, 8.1, 8.2:

| | |
|---|---|
| Deadline for the Settlement Administrator to make available to the public the Website for this Settlement (exact requirements of Website are set forth in Paragraph 8.1(A) of the Stipulation) | No later than 45 calendar days after the entry of the Preliminary Approval Order |
| Last day for requests for exclusion from the settlement to be postmarked by Class Members to the Settlement Administrator | 60 calendar days after notice is initially made available to the Class Members |
| Last day for objections to the settlement to be postmarked by Class Members to the Settlement Administrator | 60 calendar days after notice is initially made available to the Class Members |
| Last day for Plaintiff to file application for attorneys' fees and costs, and class representative's service payment | No later than 45 calendar days after the |

- 10 -

| | |
|---|---|
| | entry of the Preliminary Approval Order |
| Last day for Plaintiff to file motion for final approval of settlement | 20 calendar days prior to final fairness hearing |
| Hearing on motion for final approval of settlement and application for attorneys' fees and costs and class representative's service payment | No earlier than 135 calendar days after the Preliminary Approval Order is entered |

## V.   PRELIMINARY   APPROVAL   OF   THE   SETTLEMENT   IS APPROPRIATE

The law favors settlement, particularly in class actions and other complex cases where substantial resources can be conserved by avoiding the time, cost and rigors of formal litigation.  *See* 4 *Newberg* § 11.41 (and cases cited therein); *Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976).

Preliminary evaluation of class action settlements is intended to determine only whether the proposed settlement is within the range of possible approval or whether it is potentially fair, as the Court will make a final determination on adequacy at the final approval hearing.  *See Acosta v. Trans Union LLC*, 243 F.R.D. 377, 386 (C.D. Cal. 2007); *In re Traffic Exec. Ass'n*, 627 F.2d 631, 633-34 (2d Cir. 1980); 4 *Newberg* § 11.25.

The Court thus has broad powers to determine whether a proposed settlement is fair under the circumstances of the case, *see Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993); *Acosta*, 243 F.R.D. at 384 (citing *Yamamoto v. Omiya*, 564 F.2d 1319, 1325 (9th Cir. 1977)), and preliminary approval of a settlement agreement should be granted unless there are reasons to doubt its fairness or there are other "obvious deficiencies" in the proposed settlement making it clear it would not ultimately weather a final approval hearing.  *See In re Prudential Securities, Inc.*, 163 F.R.D. 200, 209 (S.D.N.Y. 1995).

1    To make this fairness determination, courts consider several relevant factors,

2  including the strength of the plaintiffs' case, the risk, expense, complexity and likely

3  duration of further litigation, the risk of maintaining class action status through trial,

4  the amount offered in settlement, the extent of discovery completed and the stage of

5  the proceedings, as well as the experience and views of counsel. *Torrisi*, 8 F.3d at

6  1375. This list of factors is not exclusive, however, and the court may balance and

7  weigh factors differently depending on the factual circumstances of each case. *See id.*

8  at 1376.

9    The *Manual* summarizes the preliminary approval criteria as follows:

10       If the preliminary evaluation of the proposed settlement
         does not disclose grounds to doubt its fairness or other
11       obvious deficiencies, such as unduly preferential treatment
         of class representatives or of segments of the class, or
12       excessive compensation for attorneys, and appears to fall
         within the range of possible approval**,** the court should
13       direct that notice . . . be given to the Class Members of a
14       formal fairness hearing, at which arguments and evidence
         may be presented in support of and in opposition to the
15       settlement.

16

17  *Manual* (Third) § 30.41; *see also* 4 *Newberg* § 11.25.

18    When examining settlement agreements, a presumption of fairness exists

19  where: (1) the settlement is reached through arm's-length bargaining; (2)

20  investigation and discovery are sufficient to allow counsel and the court to act

21  intelligently; (3) counsel is experienced in similar litigation; and (4) the percentage of

22  objectors is small. 4 *Newberg* § 11.41.

23    Here, the proposed Settlement falls well within the range of reasonableness as

24  the terms of the agreement are fair and adequate and provide a good result for

25  Plaintiff and Class Members, especially considering the complexities of the case, the

26  substantial risk inherent in non-certification, and the risks of not prevailing on the

27  merits at trial. Gaines Decl. at ¶¶ 19-26. Further, Plaintiff has engaged in an

28

exchange of discovery, as well as extensive research into the applicable areas of law and the unique defenses proffered by the Association, including some reserved for governmental entities.  The Parties have conducted informed, good faith, arms-length negotiations with adequate access to necessary information, and did so with the assistance of a highly regarded and experienced mediator.  *See generally* Gaines Decl. at ¶¶ 19-26.

Both Plaintiff's counsel and Defendant's counsel are experienced in class action matters and are capable of assessing the strengths and weaknesses of claims and the benefits of the proposed Settlement under the circumstances of the case and in the context of a private, consensual agreement.  Plaintiff's counsel believes the Settlement offers a fair result to Class Members, commensurate with the risks of further litigation.  Accordingly, preliminary approval of the Settlement is appropriate. Gaines Decl. at ¶ 2-6, 35-37.

### A.  The Terms of the Proposed Settlement Provide Reasonable Compensation for Plaintiff's and Class Members' Damages.

Ultimately, a settlement should stand or fall on the adequacy of its terms.  *In re Corrugated Container Antitrust Litig.*, 643 F.2d 195, 211 (5th Cir. 1981).   The Settlement reflects an excellent compromise.

### 1.  The Settlement Provides a Significant Monetary Benefit to Class Members

During the applicable statutory period, September 10, 2010 through the date of entry of the Preliminary Approval Order, it is estimated that Defendant generated approximately 100,000 allegedly defective receipts at the 2011-2015 County Fairs. As such, Plaintiff alleges that she and the Class are entitled to minimum statutory penalties of $10,000,000, plus attorneys' fees, punitive damages, and costs.  Gaines Decl. at ¶ 24.   The Parties have agreed to settle this matter for a settlement package valued at $925,000.   As a result of this settlement, Defendant has amended its practices so that the practice at the heart of this litigation – the failure to redact

1    private information from consumers' credit and debit card receipts – will cease going

2    forward.  Gaines Decl. at ¶ 25.

3         If the Court approves the Settlement, the entry fee for all attendees of the 2017

4    County Fair shall be reduced fifty (50) cents from the then-current fair market value

5    of such admission prices as determined by the Neutral Expert or as otherwise agreed

6    upon between Class Counsel and the Association and the Association's Counsel (up

7    to $750,000 reduction cap); the exact reduction will be disclosed to the Court in

8    connection with the final approval process.  Gaines Decl. at ¶ 26.

9         Attorneys' fees and costs are recoverable under FACTA (15 U.S.C. §

10   1681n(a)(3)), and Defendant and Solar have agreed to pay Plaintiff's counsel Court

11   awarded attorneys' fees and costs, not to exceed $150,000, without opposition –

12   approximately 26% of the consideration to be paid under the Settlement, and well

13   below the Ninth Circuit common fund attorney fee benchmark of 25%.  Stip. at ¶

14   2.20.

15        Further, Defendant and Solar have agreed to pay the named Plaintiff an

16   incentive award, not to exceed $5,000, subject to the Court's approval.  Stip. at ¶

17   2.20.

18        In addition, Defendant and Solar have agreed to pay all costs necessary to

19   administer the settlement and provide class notice as detailed in the Settlement

20   Agreement, estimated to be $15,000.  Stip. at ¶ 2.20.

21        Finally, Defendant and Solar have agreed to pay up to $5,000 for a Neutral

22   Expert to consult and opine regarding the fair market value of admission prices of the

23   2017 and 2018 County Fairs, which will be used as a basis to compute the fifty-cent

24   reduction required by the Settlement.  Stip. at ¶¶ 2.20, 2.21.

25   \\

26   \\

27   \\

28   \\

NOTICE OF MOTION AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### 2. The Settlement's Financial Terms Reflect a Fair Discount off the Maximum Value of the Case Based on Litigation Risks, and The Terms Are Far More Favorable Than Other Similar FACTA Settlements

While Plaintiff projects the exposure to the Association at up to $10,000,000 (at the rate of $100 per allegedly defective receipt issued), the discount proposed by the Settlement is reasonable and fair in light of the facts of this case, the litigation risks, the class certification risks, the fact that the Association is a government entity funded in part by taxpayer dollars, and the settlement values in other similar FACTA cases.

Class certification is challenging to obtain in FACTA cases, and when it can be obtained, some Courts have declined to certify a class as broad as Plaintiff seeks. In *Rowden v Pacific Parking Systems*, 282 F.R.D. 581, 587 (C.D. Cal. 2012), Judge Carney declined to certify a class on FACTA claims, finding that a class action was not a superior means to adjudicate the case, the class was not ascertainable, and a class action would be unfair. In *Tchoboian v. FedEx Office and Print Services, Inc.*, (C.D. Cal., No. 8:10-cv-01008-JAK-MLGx), Judge Kronstadt tentatively certified a class on FACTA claims, but limited it to only those individuals who have maintained their printed receipts displaying the allegedly improper digits with such transactions and account numbers concerning only consumer cards (Docket no. 135, Civil Minutes dated April 23, 2012). Of the many class certification orders regarding FACTA claims, some are certified, some are not, and the risk that this Court would not certify Plaintiff's claims (and the Association's actions would go unchallenged by any Class Members) represents a significant risk which required a discount for purposes of settlement.

Recovery on the merits on a classwide basis is also not guaranteed here. Defendant's defenses to certification and liability are an important basis for validating the reasonableness of the settlement amount. Defendant has consistently

- 15 -

maintained that it has ample legal and factual grounds for defending this action on both class and merits issues.   For example, Defendant argues that it did not "willfully" violate FACTA (and, hence, has no liability to Plaintiff or Class Members under the statute) because it did not discover it was printing expiration dates, and had hired a company, Solar, that represented it was an expert for installing point of sale systems for electronic purchases and certified that its system was legally compliant. It also contends that California Government Code § 818 precludes the award of statutory damages (like those Plaintiff seeks under FACTA) against a government entity.   These risks militate in favor of the Settlement's approval.   Gaines Decl. at ¶ 21.

### 3.  The Settlement's Allocation Formula Is Fair and Appropriate

Defendant and Solar cannot independently identify who is a Settlement Class Member – their contact information is not retained and not available.   As a result, it would be impossible to put consideration directly into the pockets of Class Members here without some form of claims process, which would be difficult or impossible to administer due to Defendant's lack of records, inevitably involve a small claims rate (claims rate of well under 1% are typical in consumer class action settlements), and involve enormous notice expenses that may eclipse the value of the Settlement altogether.   Gaines Decl. at ¶ 22.

Consequently, the Parties agreed on an allocation of settlement proceeds which yields a reduction in admission fees for those most likely to be Class Members – future fairgoers.   It is not a perfect solution, but given the circumstances here, the Parties believe it is most likely to yield the most benefit to those who are Class Members.   Gaines Decl. at ¶ 23.

The Ninth Circuit has approved such distribution formulas in the context of class action settlements where attempting to pay Class Members directly would be prohibitively expensive, impossible, or futile.   *See Lane v. Facebook, Inc.*, 696 F.3d

- 16 -

811, 821 (9th Cir. 2012) ("The cy pres remedy the settling parties here have devised bears a direct and substantial nexus to the interests of absent class members and thus properly provides for the "next best distribution" to the class."). The proposed allocation formula is therefore fair and appropriate in the best interests of the Class.

**B.     The Settlement is the Product of Serious, Arm's-Length, Informed Negotiations and There are no Indications Present to Doubt its Fairness**

The Parties engaged in arm's-length, informed negotiations during the course of this litigation in order to reach the proposed Settlement. Gaines Decl. at ¶ 19.

The judgment of experienced counsel is an important factor in a court's determination that negotiations were fair and informed. Absent fraud and collusion, the court may not only *rely* upon the judgment of experienced counsel, but should be hesitant to "substitute its own judgment for that of counsel." *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977); *see also Officers for Justice v. Civ. Serv. Comm'n of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982). Furthermore, the involvement of an objective, third-party neutral tends to demonstrate the presence of arm's-length negotiations. *See Martens v. Smith Barney*, 181 F.R.D. 243, 262-63 (S.D.N.Y. 1998).

Class Counsel have conducted significant investigation and discovery into the facts of this class action case. Defendant has produced documents and information, all of which were reviewed and analyzed in advance of settlement negotiations. Gaines Decl. at ¶¶ 14-15.

Based on this investigation and evaluation, Plaintiff's counsel firmly believe that the Settlement, on the terms set forth in the Stipulation, is fair, reasonable, adequate, and is in the best interest of the Settlement Class in light of all known facts and circumstances, including the risk of significant delay, the risk the Settlement Class will not be certified by the Court, defenses asserted by Defendant, and numerous potential appellate issues. Preliminary approval of the Stipulation of Settlement is appropriate. Gaines Decl. at ¶¶ 6, 23-26.

## VI.   PROVISIONAL CLASS CERTIFICATION IS APPROPRIATE

The Named Plaintiff may, at the preliminary approval stage, request that the Court provisionally approve certification of the class for settlement purposes, conditioned upon final approval of the settlement.  4 *Newberg* § 11.26 (the court's findings "at a preliminary hearing or conference concerning a tentative settlement proposal . . . may be set out in conditional orders granting tentative approval to the various items…. These conditional rulings may approve a temporary settlement class, the proposed settlement, and the class counsel's application for fees and expenses.") Before a court evaluates a settlement under Federal Rule of Civil Procedure 23(e), it must determine that the settlement class satisfies the requirements enumerated under Rule 23(a) and at least one of the requirements in Rule 23(b).  *Molski v. Gleich*, 318 F.3d 937, 946 (9th Cir. 2003).  As discussed below, the proposed class meets all of the requirements of certification for settlement purposes.

### A.   FRCP 23(a) Requirements For Class Certification Are Met

Preliminary approval of the Settlement is justified because the class certification requirements exist for the Settlement Class.  Rule 23(a) provides the factors that the Court looks to for class certification: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.  All four of these elements are satisfied by the proposed class for Settlement purposes.

#### 1.   Numerosity

If the class is sufficiently large that joinder of all members is impractical or that individual joinder is impractical, the numerosity requirement is met.  *See Cox v. American Cast Iron Pipe*, 784 F.2d 1546, 1557 (11th Cir. 1986).

During the applicable statutory period, September 10, 2010 through the date of preliminary approval, it is estimated that Defendant generated approximately 100,000

allegedly defective receipts.  The number of Class Members, while not precisely known, is large – likely in excess of 50,000 individuals.  Therefore, joinder of individual claims would be impractical and the numerosity requirement is satisfied for settlement purposes.  Gaines Decl. at ¶ 32.

### 2.   Commonality

The commonality requirement of Rule 23(a) is met if there are common questions of fact and law among the class.  *Hanlon*, 150 F.3d at 1019 ("The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class").  Here, the Class Members all seek the same remedies under the identical federal law under the same theories of recovery, all relating to the Defendant's alleged failure to truncate the expiration dates of Class Members' credit and debit cards during the applicable class period, in violation of FACTA.  The same factual predicates apply to each and every Class Member.  The Settlement compensates Class Members for these identical claims.  Gaines Decl. at ¶ 33.  Under these circumstances, the commonality requirement is satisfied for settlement purposes.  *Id*. at 1019-20; *see also Cox*, 784 F.2d at 1557.

### 3.   Typicality

The typicality requirement of Rule 23(a) is met if the claims of the Named Plaintiff are typical of the class, though "they need not be substantially identical." *Hanlon*, 150 F.3d at 1020.  Factual differences may exist between the Class and the Named Plaintiff, provided the claims arise from the same events or course of conduct and are based upon the same legal theories.  *Id*.  Moreover, the typicality and commonality elements of Rule 23(a) "tend to merge" because both assess whether the claims of the class and the named plaintiffs are sufficiently interrelated to make class treatment appropriate.  *Gen. Tel. Co. of the SW v. Falcon*, 12 S.Ct. 2364, 457 U.S. 147, 157 n. 13 (1982).

Here, Plaintiff Brown's claims are not only typical of those of all Class Members – they are identical.  Plaintiff alleges the Defendant failed to truncate the expiration date of her credit card number on the printed receipt that Defendant provided to her at the point of sale – Plaintiff Brown alleges that this violates FACTA and subjects Defendant to statutory penalties.  This is the same claim alleged on behalf of all Class Members.  Gaines Decl. at ¶ 34.  Plaintiff satisfies the typicality requirement for settlement purposes because his claims arise from the same factual basis and are based on the same legal theories as those applicable to all Settlement Class Members. *Welmer v. Syntex* 117 F.R.D. 641, 644 (N.D. Cal. 1987).

### 4.      Adequacy of Representation

Rule 23(a)(4) requires that the named plaintiff and class counsel fairly and adequately represent and protect the interests of the class.  If the Named Plaintiff and Class Counsel have no interests adverse to the interest of the proposed class members and are committed to vigorously prosecuting the case on behalf of the class, then the adequacy requirement is met.  *Hanlon*, 150 F.3d at 1020; *see also Griffin v. Carlin*, 755 F.2d 1516 (11th Cir. 1985).

Here, Plaintiff Brown has interests directly aligned with all Class Members and has prosecuted this case on their behalf.  She has no apparent conflicts with Class Members.  She has demonstrated his commitment to prosecute this Action on their behalf through its conclusion.  Gaines Decl. at ¶ 35.

Under the proposed Settlement, Ms. Brown will request a small enhancement payment – $5,000 – for her time and efforts, including assisting Class Counsel with factual issues surrounding the case as well with settlement discussions and participation at the mediation.  This award represents a small percentage of the total value of the settlement consideration, and therefore does not constitute a sufficient conflict of interest to foreclose fulfilling the adequacy requirement.  *See* Gaines Decl. at ¶ 36.

1   Additionally, Plaintiff's counsel are highly experienced litigators, with more
2   than six decades of collective litigation experience.  As evidenced by the declarations
3   of Daniel F. Gaines filed herewith, Gaines & Gaines, APLC has substantial
4   experience prosecuting complex class action cases, both in the consumer and
5   employment contexts.  As such, there is no conflict of interest between the Named
6   Plaintiff, proposed Class Counsel, and the Settlement Class Members, and the
7   adequacy element is met.  Gaines Decl. at ¶¶ 2-5, 37.

8   **B.   FRCP 23(b)(3) Requirements for Class Certification are Met**

9   The proposed Settlement Class also meets the requirements of Rule 23(b)(3)
10  for settlement purposes because: 1) common questions predominate over questions
11  that affect individual members; and 2) class resolution is superior to other available
12  methods of adjudication.  When assessing predominance and superiority, the Court
13  may consider that the class will be certified for settlement purposes only.  *Amchem*
14  *Prods., Inc. v. Windsor*, 521 U.S. 591, 618-620 (1997).  A showing of manageability
15  at trial is unnecessary; the dispositive inquiry at this stage is "whether the proposed
16  classes are sufficiently cohesive to warrant adjudication by representation."  *Id.* at
17  618-20, 623; *see also Hanlon*, 150 F.3d at 1022.

18  **1.   Predominance**

19  The claims of the Settlement Class here are sufficiently cohesive to warrant
20  certification.  For settlement purposes, common questions of fact and law affecting
21  proposed Class Members in this case clearly predominate over questions that may
22  affect individual members.  In analyzing predominance, as with commonality, "[i]t is
23  not necessary that all questions of fact or law be common, but only that some
24  questions are common and that they predominate over individual questions." *Cox*,
25  784 F.2d at 1557.  The test is whether the proposed class is sufficiently cohesive to
26  warrant adjudication by representation.   Here, the proposed Settlement Class is
27  sufficiently cohesive because all Settlement Class Members share a common nucleus
28  of facts and potential legal remedies – the same facts and law govern their claims;

- 21 -

this Court could try their claims in representative fashion by common evidence regarding Plaintiff's and Class Members' claims, and identical law applies.  All of the Settlement Class Members seek statutory damages based on the same allegations.  As a result, common questions of law and fact predominate here.  Gaines Decl. at ¶ 38.

### 2.   Superiority

Particularly in the settlement context, class resolution is superior to other available methods for the fair and efficient adjudication of the controversy.  *See Hanlon*, 150 F.3d at 1023.  The superiority requirement involves a "comparative evaluation of alternative mechanisms of dispute resolution."  *Id.*  Here, as in *Hanlon*, the alternative method of resolution is thousands of individual claims for relatively small amounts of damages, proving uneconomical for potential plaintiffs because the cost of litigation dwarfs potential recovery.  *Id.*

## VII.   THE PROPOSED CLASS NOTICE IS APPROPRIATE

### A.   The Class Notice Satisfies Due Process

The proposed forms of notice meet the standards set forth in Rule 23(c)(2)(B) for classes certified under Rule 23(b)(3).  Defendant represents that it does not have the names and addresses of consumers who have paid by credit or debit card during the Class Period and that it cannot provide personal notice to all of the Class Members. As a result, the Parties have agreed to provide the best notice practicable which they propose as follows:

Settlement Website Notice.  The Settlement Administrator will establish and maintain the Settlement Website dedicated to the Settlement called http://classactionsandiegocountyfair.com or similar, on which will be posted the Website Notice, a copy of this Agreement, the Preliminary Approval Order, the operative Complaint, the Motion for Preliminary Approval, the Motion for Attorneys' Fees, Costs and Incentive Award (promptly when filed with the Court), the Motion for Final Approval (promptly when filed with the Court), and any other materials the Parties agree to include.  Additionally, there shall be included a Website Notice in a

1  form substantially similar to the form attached to the Settlement as Exhibit 1. These

2  documents shall be available on the Settlement Website beginning no later than the

3  Notification Deadline ending no earlier than thirty (30) calendar days after the last

4  day of the 2018 San Diego County Fair unless the reduction cap described in Section

5  9.2(A) has been satisfied through reduction at the 2017 San Diego County Fair, under

6  which circumstance the documents shall be available ending no later than thirty (30)

7  calendar days after the last day of the 2017 San Diego County Fair.  The Settlement

8  Administrator shall secure a URL for the Settlement Website proposed by Class

9  Counsel and approved by the Association.  Stip. at ¶ 10.2(A).

10      Association Website Notice.  Notice shall include a link to the Settlement

11  Website and brief description of the Action (no more than two (2) sentences in

12  length) on the landing page of the San Diego County Fair (www.sdfair.com) during

13  the 60 calendar days following the Notice Deadline.  Stip. at ¶ 10.2(B)

14      Newspaper Publication.  Notice shall include a newspaper publication notice,

15  substantially in the form attached to the Settlement as Exhibit 2, in a newspaper of

16  regional circulation in Southern California, published two times during the first 30

17  days following the Notice Deadline.  Stip. at ¶ 10.2(C).

18      **B.**    **The Proposed Notices Are Accurate And Informative**

19      The proposed notices provide information on the meaning and nature of the

20  proposed settlement and Settlement Class, the terms and provisions of the Settlement,

21  the relief the Settlement will provide Settlement Class Members, the amount of the

22  proposed service payment to Named Plaintiff, the amounts of attorneys' fees and

23  costs that Class Counsel may request, and the date, time and place of the final

24  approval hearing.  The notices clearly and accurately describe the nature of the action,

25  the definition of the Settlement Class, and the class claims.  *See* Exhibits 1 and 2 to

26  Stipulation.  The notices also inform class members that they may enter an

27  appearance through counsel if they so desire, indicate that the Court will exclude

28  from the class any member who requests exclusion, and explains the binding nature

- 23 -

of class judgment under Rule 23(c)(3).  *Id.*  The notice also provides class members with an opportunity to file objections to the settlement as required by Rule 23(e)(4)(A).  *Id.*

Further, the notice also fulfills the requirement of neutrality in class notice. *See* 2 *Newberg* § 8.39.  They summarize the proceedings to date, Plaintiff's allegations, and the terms and conditions of the Settlement, in an informative and coherent manner, in compliance with the *Manual's* statement that "the notice should be accurate, objective, and understandable to Class Members. . . ." *Manual* (Third) at § 30.211.  The notice clearly states that the Settlement does not constitute an admission of liability, and recognizes that the Court has not ruled on the merits of the action.  It also states that the final Settlement approval decision has yet to be made.  Accordingly, the notice complies with the standards of fairness, completeness and neutrality required of a settlement class notice disseminated under authority of the Court. *See* Fed. R. Civ. P. 23(c)(2), 23(e); 2 *Newberg* §§ 8.21, 8.39; *Manual* (Third) §§ 30.211, 30.212.

## VIII.  A FINAL APPROVAL HEARING SHOULD BE SCHEDULED

The last step in the settlement approval process is the formal hearing, at which the Court may hear all evidence and argument necessary to evaluate the Settlement. At that hearing, proponents of the Settlement may explain and describe its terms and conditions and offer argument in support of Settlement approval, and members of the Settlement Class, or their counsel, may be heard in support of or in opposition to the Settlement Agreement.  The parties recommend that the hearing be held approximately 135 days after preliminary approval by the Court, which would give the Parties sufficient time to complete the administration process and the notice program.  Before the notice period begins, Plaintiff will brief, file, and post on the settlement website her application for an award of attorneys' fees and costs, and for the Plaintiff's service enhancement.

\\

1

## IX.    CONCLUSION

2          The Settlement is fair and reasonable and all of the requirements for

3   preliminary approval are met.  The Court is therefore requested to grant this motion

4   and enter an order in the form submitted concurrently herewith.

5

6   DATED:  September 7, 2016            Respectfully submitted,

7                                        GAINES & GAINES,
                                         A Professional Law Corporation
8

9

10                                       By:   /s/ Alex P. Katofsky
                                               DANIEL F. GAINES
11                                             ALEX P. KATOFSKY
                                               Attorneys for Plaintiff Gillian Brown
12                                             and Proposed Class Counsel

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT