1   KENNETH S. GAINES, ESQ. SBN 049045
    ken@gaineslawfirm.com
2   DANIEL F. GAINES, ESQ. SBN 251488
    daniel@gaineslawfirm.com
3   ALEX P. KATOFSKY, ESQ. SBN 202754
    alex@gaineslawfirm.com
4   SEPIDEH ARDESTANI, ESQ. SBN 274259
    sepideh@gaineslawfirm.com
5   **GAINES & GAINES, APLC**
    27200 Agoura Road, Suite 101
6   Calabasas, California 91301
    Telephone: (818) 703-8985
7   Facsimile: (818) 703-8984

8   Attorneys for Plaintiff Gillian Brown
    and Proposed Class Counsel

9

10              **UNITED STATES DISTRICT COURT**

11            **SOUTHERN DISTRICT OF CALIFORNIA**

12

13   GILLIAN BROWN, on behalf of            Case No.: 15cv2578-JAH (DHB)
     herself and all others similarly situated,
14                                          Honorable David H. Bartick
              Plaintiff,
15                                          **NOTICE OF LODGING FULLY
          v.                                EXECUTED CLASS ACTION
16                                          SETTLEMENT AGREEMENT AND
     22ND DISTRICT AGRICULTURAL             RELEASE**
17   ASSOCIATION, a State entity; and
     DOES 1 through 10, inclusive,          **DATE: October 13, 2016
18                                          TIME: 3:30 p.m.
              Defendants.                   COURTROOM: 1D**
19

20

21

22

23

24

25

26

27

28

1       NOTICE IS HEREBY GIVEN that Plaintiff Gillian Brown is lodging the

2   parties' fully executed Class Action Settlement Agreement and Release, which was

3   submitted to the Court as Docket No. 33-2 (pages 11 through 57), Exhibit B to the

4   Declaration of Daniel F. Gaines in support of Unopposed Motion for Preliminary

5   Approval of Class Action Settlement.

6   DATED:  September 8, 2016        Respectfully submitted,

7                   GAINES & GAINES,

8                   A Professional Law Corporation

9

10                  By:  */s/ Daniel F. Gaines*

11                        DANIEL F. GAINES

12                        ALEX P. KATOFSKY

13                        Attorneys for Plaintiff Gillian Brown
                          and Proposed Class Counsel

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

This Class Action Settlement Agreement and Release (the "Agreement") is entered into by and between Plaintiff Gillian Brown, on behalf of herself and the Settlement Class (as defined below), Defendant and Third Party Complainant the 22nd District Agricultural Association ("Association"), and Third Party Defendant Solar On Set, LLC ("Solar"). Plaintiff, the Association, and Solar shall sometimes be collectively referred to herein as the "Parties."

Plaintiff and Class Counsel (as defined below), the Association, and Solar hereby stipulate and agree that, in consideration of the promises and covenants set forth in this Agreement and upon entry by the Court (as defined below) of a Final Approval Order (as defined below), all claims of Plaintiff, the Settlement Class Members (as defined below), the Association, and Solar in the litigation action entitled *Gillian Brown v. 22nd District Agricultural Association*, United States District Court for the Southern District of California (S.D. Cal.), Case No. 15-cv-02578-JAH (DHB) (the "Action"), shall be forever and fully settled, compromised and released upon the terms and conditions contained herein.

## 1.    RECITALS

**1.1**    Plaintiff is an individual residing in the State of California.

**1.2**    The Association is a government entity of the State of California, the principal purpose of which is managing the Del Mar State Fairgrounds ("Fairgrounds") and the annual San Diego County Fair ("County Fair").

**1.3**    Solar is a California limited liability company duly organized and existing under the laws of the State of California, with its principal place of business located in the City and County of Los Angeles. At all times herein mentioned, Solar was doing business in the County of San Diego, State of California, as a provider of credit card processing and wireless data transmission.

**1.4**    On September 30, 2015, Plaintiff initiated the Action by filing a putative class action Complaint in the Superior Court of the State of California, County of San Diego entitled

*Gillian Brown v. 22nd District Agricultural Association*, Case No. 37-2015-00033027-CU-MC-CTL. The Complaint alleges that the Association violated the Fair and Accurate Credit Transaction Act ("FACTA"), itself an amendment to the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA"), by printing a receipt containing the expiration date of Plaintiff's credit card used in a transaction at the 2015 County Fair.

    **1.5**    The Association answered the Complaint and asserted various affirmative defenses in the Superior Court of the State of California, County of San Diego on November 16, 2015.

    **1.6**    On November 17, 2015, the Association removed the Action to United States District Court for the Southern District of California.

    **1.7**    On February 8, 2016, the Association filed its Third Party Complaint ("Third Party Complaint") alleging the following causes of action against Solar: Breach of Contract, Breach of the Implied Covenant of Good Faith and Fair Dealing, Express Contractual Indemnity, Comparative Indemnity, Equitable Indemnity, and Declaratory Relief.

    **1.8**    The Association denies all material allegations of the Complaint. The Association specifically disputes that it printed a non-compliant receipt pursuant to FACTA, either willfully or negligently, at any relevant time to Plaintiff or putative class members, disputes that it violated any provision of FACTA or the FCRA, and disputes that Plaintiff and putative class members are entitled to any relief from the Association. The Association further contends that the Action would not be amenable to class certification if class certification were sought by Plaintiff and opposed by the Association.

    **1.9**    The Association further alleges that, had any violations of FACTA or the FCRA occurred at the County Fair, which is expressly denied, such violations were the direct result of actions and omissions of Solar.

    **1.10**    Solar denies all material allegations of the Third Party Complaint. Solar specifically disputes that Solar breached a contract with the Association, disputes that Solar breached an implied covenant of good faith and fair dealing with the Association, disputes that Solar violated

any provision of FACTA or the FCRA, and disputes that the Association, Plaintiff, and putative class members are entitled to any relief from Solar.

**1.11** The Parties recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the claims through trial, possible appeals and ancillary actions. The Parties also have taken into account the uncertain outcome and the risk of any litigation, especially in multi-party actions such as this proceeding, as well as the difficulties and delays inherent in such litigation. The Parties also are mindful of the potential problems of proof in establishing the claims and defenses asserted in this proceeding and the uncertainty of whether and to what extent the Association and Solar have insurance coverage or other available funding in the event of any success in this litigation.

**1.12** This Agreement resulted from and is the product of extensive, good faith and arm's length settlement negotiations over many months, including numerous telephonic and in-person negotiations. The Parties participated in mediation *vis-à-vis* the District Court's Early Neutral Evaluation conference held on March 4, 2016 ("ENE"), as well as follow-up meetings and negotiations for nearly four months thereafter, to reach a resolution in principle. The Parties also participated in numerous telephone calls prior to the ENE in order to lay the groundwork for mediation. The Parties submitted detailed ENE Statements to the Honorable David H. Bartick setting forth their respective views as to the strengths of the case.

**1.13** Subject to preliminary approval and final approval by the Court as required by Rule 23 of the Federal Rules of Civil Procedure, and subject to the remaining provisions herein, the Parties desire a full, complete and final settlement and resolution of all existing disputes and claims as set forth herein, and to fully, finally and forever resolve, discharge and release all rights and claims of Plaintiff and the Settlement Class Members, in exchange for the Association and Solar's agreement to pay $175,000 toward a common fund and for the Association to provide for an aggregate reduction of $750,000 to admission prices for the 2017 and, if necessary, 2018 San Diego County Fair(s).

**1.14**   The Parties understand, acknowledge and agree that the execution of this Agreement constitutes the settlement and compromise of disputed claims. This Agreement is inadmissible as evidence except to enforce the terms of the Agreement and is not an admission of wrongdoing or liability on the part of any Party to this Agreement. The Parties desire and intend to effect a full, complete and final settlement and resolution of all existing disputes and claims as set forth herein.

**1.15**   **NOW THEREFORE**, subject to Court approval, as hereinafter provided, it is hereby agreed by the Parties that, in consideration of the promises and covenants set forth in this Agreement and upon the entry by the Court of a final order approving the settlement and directing the implementation of the terms and conditions of the settlement as set forth in this Agreement, the Action, including the claims asserted by Plaintiff, individually and on behalf of the Settlement Class Members, and the Association shall be settled and compromised upon the terms and conditions contained herein.

## 2.    **DEFINITIONS**

The definitions contained herein shall apply only to this Agreement and the attached Exhibits, and shall not apply to any other agreement, including, without limitation, any other settlement agreement, nor shall they be used as evidence, except with respect to this Agreement, of the meaning of any term. Furthermore, each defined term stated in a singular form shall include the plural form, and each defined term stated in a plural form shall include the singular form. As used in this Agreement, in addition to any definitions elsewhere in this Agreement, the following terms shall have the meanings set forth below:

**2.1**   **"Action"** means the legal action styled *Gillian Brown v. 22nd District Agricultural Association*, United States District Court for the Southern District of California, Case No. 15-cv-02578-JAH (DHB), previously before the Superior Court of the State of California, County of San Diego, Case No. 37-2015-00033027-CU-MC-CTL.

**2.2**   **"Agreement"** means this Class Action Settlement Agreement and Release.

**2.3** **"Approved Claims"** means claims that have been timely submitted by class members to the administrator and approved for payment.

**2.4** **"Association"** means defendant, the 22nd District Agricultural Association.

**2.5** **"Association's Counsel"** means Gordon & Rees Scully Mansukhani, LLP.

**2.6** **"Class Counsel"** means Gaines & Gaines, APLC.

**2.7** **"Class Notice"** means all forms of notice that will be utilized to notify persons in the Settlement Class of the Settlement, including the following methods: Publication Notice, Website Notice and any different or additional notice that might be ordered by the Court. A description of the contemplated Class Notice is provided in Section **10.2** of this Agreement.

**2.8** **"Class Period"** means the period from September 10, 2010 through the date of entry of the Preliminary Approval Order (as defined below).

**2.9** **"Class Representative"** means Plaintiff Gillian Brown.

**2.10** **"Court"** means the United States District Court for the Southern District of California.

**2.11** **"*Cy Pres* Distribution"** means monies that may be distributed in connection with the Settlement pursuant to Section 9.2(B) of this Agreement. *Cy Pres* will only be distributed for any unawarded or unrequested portion of the Common Fund.

**2.12** **"Effective Date"** means the fifth (5th) business day after the last of the following dates:

    **(A)**    All Parties, Association's Counsel, Class Counsel, and Solar's Counsel have executed this Agreement;

    **(B)**    If no objections to the Settlement are filed, the date the Court has entered, without material change, the Final Approval Order; and

    **(C)**    If one or more objections to the Settlement are filed, subject to the Court having entered, without material change, the Final Approval Order, the final disposition of any related appeals therefrom, and in the case of no appeal or review being filed, expiration of the applicable appellate period.

**2.13** **"Escrow Account"** means a non-interest bearing checking account established at a financial institution other than Association into which monies shall be deposited as set forth by this Agreement.

**2.14** **"FACTA"** means the Fair and Accurate Credit Transaction Act, itself an amendment to the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.*, and any regulations or rulings promulgated under it.

**2.15** **"FCRA"** means the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.*, and any regulations or rulings promulgated under it.

**2.16** **"Final Approval Hearing"** means the hearing during which the Court considers the Parties' request to enter the Final Approval Order granting final approval of the Settlement and to determine the amount of fees, costs and expenses awarded to Class Counsel and the amount of the service award to Plaintiff.

**2.17** **"Final Approval Order"** means the order and judgment that the Court enters upon finally approving the Settlement. "Final Approval" occurs on the date that the Court enters, without material change, the Final Approval Order.

**2.18** **"Funding Date"** means the date, which is no later than twenty-five (25) calendar days after the Effective Date, on which the Association and Solar shall make payments to the recipients of the Common Fund pursuant to Section **9.2** of this Agreement.

**2.19** **"Judge"** shall mean any judge of the United States District Court for the Southern District of California, including the Honorable David H. Bartick and the Honorable John A. Huston.

**2.20** **"Maximum Payment"** and **"Common Fund"** mean a payment of ONE-HUNDRED SEVENTY-FIVE THOUSAND DOLLARS ($175,000.00) which shall be made by the Association and Solar to resolve this litigation. The Association shall pay One Hundred Seventy Thousand Dollars ($170,000) of the Maximum Payment and Solar shall pay Five Thousand Dollars ($5,000) of the Maximum Payment, and they shall not be jointly and severally liable for the other party's share. As set forth in this Agreement, the "Maximum Payment" shall

be used for settlement administration expenses, any cost associated with class notice, including publication costs (not to exceed $15,000), any attorneys' fees and costs awarded to Class Counsel by the Court (not to exceed $150,000), the payment for a Neutral Expert, as defined herein (not to exceed $5,000), and any incentive award ordered by the Court to be paid to the Class Representative (not to exceed $5,000). Aside from the discounted admission fees for the 2017 and 2018 San Diego County Fair(s) to be effectuated by this Agreement, under no circumstances shall the Association, Solar, or the Released Parties be required to pay any amount less than, or in excess of, the $175,000.00 Maximum Payment in order to resolve the Action.

    **2.21** **"Neutral Expert"** means an independent person to be paid from the Common Fund, subject to a $5,000 cap and approved by all counsel, for the purposes of determining the then-current fair market value of admission prices of the 2017 and 2018 San Diego County Fair(s).

    **2.22** **"Notice Deadline"** shall have the meaning set forth in **Section 8.1(D)** of this Agreement.

    **2.23** **"Opt-Out and Objection Deadline"** shall have the meaning set forth in Sections **8.1(F)**, and **11.1** of this Agreement.

    **2.24** **"Parties"** means Plaintiff, the Settlement Class, the Association, and Solar.

    **2.25** **"Preliminary Approval Order"** means the order that the Court enters upon preliminarily approving the Settlement. "Preliminary Approval" occurs on the date that the Court enters, without material change, the Preliminary Approval Order.

    **2.26** **"Released Claims"** means all claims to be released as set forth in Section 15 of this Agreement. The "Releases" means all of the releases contained in Section 15 of this Agreement.

    **2.27** **"Released Parties"** means and refers to the following: (1) the Defendant 22nd District Agricultural Association and its past, present, and future subsidiaries, parent companies, its predecessors in interest and/or ownership, successors in interest and/or ownership, partners, licensees, assignees, insurers, including claims under any and all insurance policies, estates, and other affiliates and/or related entities, and each of the foregoing's respective past, present, and

future officers, directors, attorneys, shareholders, indemnitees, predecessors, successors, trusts, trustees, partners, associates, principals, divisions, employees, insurers, any and all insurance policies, members, agents, representatives, brokers, consultants, heirs, and assigns; and (2) Solar on Set, LLC and its past, present, and future subsidiaries, parent companies, its predecessors in interest and/or ownership, successors in interest and/or ownership, partners, licensees, assignees, insurers, including claims under any and all insurance policies, estates, and other affiliates and/or related entities, and each of the foregoing's respective past, present, and future officers, directors, attorneys, shareholders, indemnitees, predecessors, successors, trusts, trustees, partners, associates, principals, divisions, employees, insurers, any and all insurance policies, members, agents, representatives, brokers, consultants, heirs, and assigns.

**2.28** **"Releasing Parties"** means the Plaintiff, Settlement Class Members (excluding those who timely and validly opt-out of the Settlement), on behalf of themselves and their respective spouses, heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, assigns, any other person or entity claiming through them and, if relevant, any co-signer, co-buyer or co-borrower or guarantors

**2.29** **"Settlement"** means the settlement into which the Parties have entered to resolve the Action. The terms of the Settlement are set forth in this Agreement and the attached exhibits, which are incorporated by reference herein.

**2.30** **"Settlement Administrator"** means Simpluris, Inc. subject to approval by the Court. The Settlement Administrator shall be responsible for providing the Class Notice as well as services related to administration of the Settlement.

**2.31** **"Settlement Class"** or **"Settlement Class Members"** means those persons who were issued an electronically printed debit and/or credit card receipt during the San Diego County Fair at the Del Mar Fairgrounds in violation of the truncation requirements of FACTA at any time between September 30, 2010 and the date of preliminary approval of this Agreement.

**2.32** **"Settlement Website"** means the website established by the Settlement Administrator to aid in the administration of the settlement.

**2.33** **"Solar's Counsel"** means Nicholas & Tomasevic, LLP

**2.34** **"Website Notice"** means the website notice provided pursuant to Section **10.2(A)** of this Agreement, substantially in the form attached hereto as <u>Exhibit 1</u>. The Website Notice will be posted on the "Settlement Website."

**2.35** Capitalized terms used in this Agreement but not defined above shall have the meaning ascribed to them in this Agreement, including the attached exhibits.

## 3. SETTLEMENT PURPOSES ONLY

**3.1** **General.** This Agreement is made for the sole purpose of settlement of the Action, inclusive of all matters within the Action (other than those individual actions that choose to opt out), on a class-wide basis, which therefore encompasses all related individual claims made by the Plaintiff and the Settlement Class Members who do not submit a timely and valid request for exclusion from the Settlement. The settlement of the Action is expressly conditioned upon the entry of a Preliminary Approval Order and a Final Approval Order by the Court. In the event that the Court does not execute and file the Final Approval Order, or in the event the Final Approval Order does not become final for any reason, or is modified in any material respect, or in the event that the Effective Date, as defined above, does not occur, this Agreement shall be deemed null and void *ab initio* and shall be of no force and effect whatsoever, and shall not be referred to or utilized for any purpose whatsoever.

**3.2** **The Association's Position on Conditional Certification of the Settlement Class.** The Association disputes that a class would be manageable or that common issues predominate over individual ones, and denies that a litigation class properly could be certified on the claims asserted in the Action. However, solely for purposes of avoiding the expense and inconvenience of further litigation, the Association does not oppose and hereby agrees to certification of the Settlement Class defined in Section **2.31**, *for settlement purposes only*, pursuant to Fed. R. Civ. P. 23(b)(3). Preliminary certification of the Settlement Class for settlement purposes shall not be deemed a concession that certification of a litigation class is appropriate, nor would the Association be precluded from challenging class certification in further proceedings in

the Action or in any other action if the Settlement is not finalized or finally approved. If the Settlement is not finally approved by the Court for any reason whatsoever, the certification of the Settlement Class will be void, and no doctrine of waiver, estoppel or preclusion will be asserted in any proceedings involving the Association. No agreements made by or entered into by the Association in connection with the Settlement may be used by Plaintiff, the Settlement Class, Solar, any person in the Class or any other persons to establish any of the elements of class certification in any litigated certification proceedings, whether in the Action, or any other judicial proceeding.

      **3.3    Admissibility.** Additionally, this Agreement, any negotiations or proceedings related hereto, the implementation hereof, and any papers submitted in support of the motions for approval hereof (collectively, the "Settlement Proceedings") shall not be construed as, or deemed to be evidence of, any admission or concession by any of the Parties or any other person regarding liability, damages, or the appropriateness of class treatment, and shall not be offered or received in evidence in any action or proceeding for any purpose whatsoever; provided, however, that this Agreement and the Settlement Proceedings may be presented to the Court in connection with the implementation or enforcement of this Agreement, or as may be necessary or appropriate to further the purposes sought to be achieved by this Agreement.

      **3.4    Denial of Liability.** By entering into this Agreement, it is understood that the Released Parties, including the Association and Solar, do not admit and, to the contrary, expressly deny that they have breached any duty, obligation, or agreement; that they have engaged in any illegal, tortious, or wrongful activity; that they are liable to Releasing Parties, including Plaintiff, the Settlement Class, any person in the Class or any other persons; and/or, that any damages have been sustained by any Releasing Parties in any way arising out of or relating to the conduct alleged in the Action. The Association expressly reserves all rights to challenge Releasing Parties' claims on all factual and procedural grounds, including but not limited to the assertion of any and all defenses.

**3.5    Plaintiff's Belief in the Merits of the Case.**  Plaintiff believes that the claims asserted in the Action have merit and that the evidence developed to date supports those claims. This Settlement shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Plaintiff that there is any infirmity in the claims asserted by her, or that there is any merit whatsoever to any of the contentions and defenses that the Association has asserted.

**3.6    Plaintiff Recognizes the Benefit of Settlement.**  Plaintiff recognizes and acknowledges, however, the expense and amount of time which would be required to continue to pursue Actions against the Association, as well as the uncertainty, risk and difficulties of proof inherent in prosecuting such claims on behalf of the Settlement Class. The Settlement Class has concluded that it is desirable that the Actions and any Released Claims be fully and finally settled and released as set forth in this Agreement. The Settlement Class and Class Counsel believe that the agreement set forth in this Agreement confers substantial benefits upon the Settlement Class and that it is in the best interests of the Settlement Class to settle as described herein.

**4.    JURISDICTION**

**4.1**    The Parties agree that the Court has, and shall continue to have, jurisdiction to make any orders as may be appropriate to effectuate, consummate, and enforce the terms of this Agreement, to approve awards of attorneys' fees and costs pursuant hereto, and to supervise the administration of and the distribution of money funded pursuant to this Agreement.

**5.    SETTLEMENT TERMS AND BENEFITS TO THE SETTLEMENT CLASS**

**5.1    Admission Price Reduction to the County Fair.**  Admission prices for the 2017 and 2018 San Diego County Fair(s) shall be reduced as expressed in Section **9.2 (A)**.

**5. 2    Maximum Payment.**  In addition to Section **5.1** above, the Association and Solar shall pay the Common Fund as expressed in Section **9.2 (B)**.

**5.3    Equitable Relief/Consent Decree.**  The Parties agree that the Final Approval Order shall contain a consent decree which requires that the Association shall be compliant with FACTA for all periods of time going forward from the date of its execution of this Agreement.

**6.**     <u>ATTORNEYS' FEES, COSTS AND PAYMENT TO CLASS REPRESENTATIVE</u>

      **6.1**     **Attorneys' Fees and Costs to Class Counsel.** Class Counsel may move the Court for an award of attorneys' fees and expenses paid from the Common Fund, not to exceed $150,000. Neither the Association nor Solar shall oppose any request which does not exceed $150,000. The amount of attorneys' fees and costs approved by the Court shall be paid from the Common Fund Settlement Administrator to Class Counsel's Client Trust Account, as directed by written instructions from Class Counsel. This payment shall be made no later than the Funding Date. Court approval of attorneys' fees and costs, or their amount, will not be a condition of Settlement. In addition, no interest will accrue on such amounts at any time.

      **6.2**     **Payment to Class Representative.** The Class Representative may ask the Court to award her an incentive payment, not to exceed $5,000, for the time and effort she has personally invested in this Action. Neither the Association nor Solar shall oppose any request which does not exceed $5,000. The amount of the incentive payment approved by the Court shall be paid from the Common Fund Settlement Administrator to the Class Representative no later than the Funding Date. In addition, no interest will accrue on such amounts at any time.

      **6.3**     **Settlement Independent of Award of Fees/Costs and Incentive Payment.** The payment of attorneys' fees, costs and incentive payments set forth in Section **6.1** and **6.2** are subject to and dependent upon the Court's approval as fair, reasonable, adequate and in the best interest of Settlement Class Members. However, this Settlement is not dependent upon the Court's approval of Plaintiff's requests for such payments or awarding the particular amounts sought by Plaintiff. In the event the Court declines Plaintiff's requests or awards less than the amounts sought, this Settlement shall continue to be effective and enforceable by the Parties.

**7.**     <u>CONDITIONS OF SETTLEMENT</u>

      **7.1**     Performance of the obligations set forth in this Agreement is subject to all of the following material conditions:

               **(A)**     The delivery to the Association's Counsel of this Agreement, fully executed by Gillian Brown, by Class Counsel, by Solar, and by Solar's Counsel.

> **(B)** Execution and filing by the Court of the Preliminary Approval Order.
>
> **(C)** Posting of notices, described in Section **10** below.
>
> **(D)** The Court conducting a Fairness Hearing.
>
> **(E)** Execution and filing by the Court of the Final Approval Order and Judgment.

**7.2** The Parties hereby covenant and agree to cooperate reasonably and in good faith for the purpose of achieving occurrence of the conditions set forth above, including, without limitation, timely filing of all motions, papers and evidence necessary to do so, and refraining from causing or encouraging directly or indirectly any appeal or petition for writ proceedings by third parties seeking review of any Order contemplated by this Agreement. Class Counsel represent and warrant that they have authority to take all such actions required of them pursuant to this Agreement, and that by doing so they are not in breach or violation of any agreement with any Plaintiff or any third party.

## 8. PRELIMINARY APPROVAL OF THE SETTLEMENT

**8.1 Preliminary Approval Motion.** As soon as practical after the execution of this Agreement, the Parties shall move the Court for entry of a Preliminary Approval Order. Pursuant to the motion for preliminary approval, the Parties will request that:

> **(A)** The Court conditionally certify the Settlement Class for settlement purposes only and appoint Class Counsel as counsel for the Settlement Class and Plaintiff as the Class Representative;
>
> **(B)** The Court preliminarily approve this Agreement and the Settlement reflected herein as fair, adequate and reasonable to the Settlement Class, and within the reasonable range of possible final approval;
>
> **(C)** The Court approve the forms of Class Notice and find that the notice program constitutes the best notice practicable under the circumstances, provides due and sufficient notice to the Settlement Class and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23;

**(D)**    The Court direct that notice be provided to the Settlement Class, in accordance with this Agreement, within forty-five (45) days following entry of the Preliminary Approval Order (the "Notice Deadline");

**(E)**    The Court shall establish the procedure detailed herein for any Class Members to object to the Settlement or exclude themselves from the class;

**(F)**    The Court shall set a deadline sixty (60) days after the Notice Deadline, after which no one shall be allowed to object to the Settlement, exclude himself or herself from the Settlement, or seek to intervene in the Action (the "Opt-Out and Objection Deadline");

**(G)**    The Court shall, pending final determination of whether the Settlement should be approved, stay all proceedings except those related to effectuating the Settlement;

**(H)**    The Court shall schedule a hearing to consider Final Approval of the Settlement, which shall be scheduled no earlier than one hundred thirty-five (135) days after Preliminary Approval; and

**(I)**    Plaintiff and Class Counsel be permitted to file their Motion for an Award of Attorneys' Fees and Costs and a Class Representative Incentive Award no later than the Notice Deadline, and be permitted to file their Motion for Final Approval of Class Action Settlement (which shall include any responses to Objections to the Settlement, a request for approval of the Settlement Administrator's fees, and a request for approval of the Neutral Expert's fees) no later than twenty (20) calendar days prior to the Final Approval Hearing.

**8.2**    **Stay/Bar of Proceedings**. All proceedings in the Action will be stayed following entry of the Preliminary Approval Order, except as may be necessary to implement the Settlement or comply with the terms of the Settlement. Pending determination of whether the Settlement

should be granted Final Approval, the Parties agree not to pursue any claims or defenses otherwise available to them in the Action

9. **SETTLEMENT CONSIDERATION**

    **9.1**    In exchange for the release contemplated herein at Section 15 and as defined through Sections 2.27 and 2.31, above, the Association and Solar shall transfer the following consideration:

    **9.2**    **ECONOMIC RELIEF:**

        **(A)**    **The Reduced Admission Prices.** Each admission entrance fee for the 2017 San Diego County Fair (subject to a $750,000 total reduction cap) shall be reduced fifty (50) cents from the then-current fair market value of such admission prices as determined by the Neutral Expert or as otherwise agreed upon between Class Counsel and the Association and the Association's Counsel. To the extent the reduction cap has not been met through the 2017 San Diego County Fair fee reduction, each admission entrance fee for the 2018 San Diego County Fair (subject to a $750,000 total reduction cap, inclusive of the previous year reduction) shall be reduced *pro rata* based on a calculation of the expected 2018 attendance and the remaining amount under the reduction cap. The Neutral Expert shall conduct its analysis and provide its recommendations no later than the Opt-Out and Objection Deadline, and the final agreed upon pricing for the 2017 San Diego County Fair shall be submitted to the Court in connection with the Motion for Final Approval.

        **(B)**    **The Common Fund.** The Association and Solar shall also pay a Common Fund of exactly ONE-HUNDRED SEVENTY-FIVE THOUSAND DOLLARS ($175,000) which shall be used to compensate (1) the Settlement Administrator for its services in providing publication and website notice and other settlement administration services (as detailed herein), (2) Plaintiff

Gillian Brown for an incentive award (subject to Court approval), (3) Class Counsel for their attorneys' fees and costs (subject to Court approval), and (4) the Neutral Expert described above. Neither the Association nor Solar shall oppose the requests made from the Common Fund, so long as they do not exceed the amounts set forth in Section 2.20 above. Any unawarded or unrequested portion of the Common Fund shall be paid to a privacy protection-related *cy pres* recipient to be proposed to the Court in connection with the Motion for Final Approval.

(C)  The Association represents and warrants that its adult admission entrance fees between 2005 and 2016 are as stated in the attached Exhibit 3. The Association also represents that the attendance to the 2015 San Diego County fair was no less than 1.5 million people.

## 10.  ADMINISTRATION AND NOTIFICATION PROCESS

**10.1  Settlement Administrator.**  The Settlement Administrator shall administer the Settlement. The Association will reasonably cooperate in the notice and administration process.

**10.2  Notice To The Settlement Class.**  The Settlement Administrator shall, by the Notice Deadline, provide:

(A)  **Settlement Website Notice.**  The Settlement Administrator will establish and maintain the Settlement Website dedicated to the Settlement called http://classactionsandiegocountyfair.com or similar, on which will be posted the Website Notice, a copy of this Agreement, the Preliminary Approval Order, the operative Complaint, the Motion for Preliminary Approval, the Motion for Attorneys' Fees, Costs and Incentive Award (promptly when filed with the Court), the Motion for Final Approval (promptly when filed with the Court), and any other materials the Parties agree to include. Additionally, there shall be included a Website Notice in a form substantially similar to the form attached hereto as Exhibit 1. These

documents shall be available on the Settlement Website beginning no later than the Notification Deadline and ending no earlier than thirty (30) calendar days after the last day of the 2018 San Diego County Fair unless the reduction cap described in Section 9.2(A) has been satisfied through reduction at the 2017 San Diego County Fair, under which circumstance the documents shall be available ending no later than thirty (30) calendar days after the last day of the 2017 San Diego County Fair. The Settlement Administrator shall secure a URL for the Settlement Website proposed by Class Counsel and approved by the Association.

(B) **Association Website Notice.** Notice shall include a link to the Settlement Website and brief description of the Action (no more than two (2) sentences in length) on the landing page of the San Diego County Fair (www.sdfair.com) during the 60 calendar days following the Notice Deadline.

(C) **Newspaper Publication.** Notice shall include a newspaper publication notice, substantially in the form attached hereto as Exhibit 2, in a newspaper of regional circulation in Southern California, published two times during the first 30 days following the Notice Deadline.

## 11. OPT-OUTS AND OBJECTIONS

**11.1 Opt-Out Requirements.** Persons in the Settlement Class may request exclusion from the Settlement by sending a written request to the Settlement Administrator at the address designated on the Website Notice, postmarked no later than the Opt-Out and Objection Deadline. Exclusion requests must: (i) be signed by the person in the Settlement Class who is requesting exclusion; (ii) include the full name and address of the person in the Settlement Class requesting exclusion; and (iii) include the following statement: "I/we request to be excluded from the settlement in the 22nd District Agricultural Association FACTA action." No request for exclusion will be valid unless all of the information described above is included. No person in the Settlement

Class, or any person acting on behalf of or in concert or participation with that person in the Settlement Class, may exclude any other person in the Settlement Class from the Settlement Class.

**11.2    Retention of Exclusions.** The Settlement Administrator will retain a copy of all requests for exclusion and will, upon written request, provide copies of any such requests to counsel for the Parties. Class Counsel will keep any such opt-out information confidential and use it only for purposes of determining whether a person in the Settlement Class has properly opted out.

**11.3    Right To Object.** Any Settlement Class Member may appear at the Final Approval Hearing to object to the proposed Settlement and/or to the application of Class Counsel for an award of attorneys' fees and costs and/or the incentive award, but only if the Settlement Class Member has first sent a written objection to the Settlement Administrator at the address designated on the Website Notice, postmarked no later than the Opt-Out and Objection Deadline. Copies of all objections shall be provided by the Settlement Administrator to the Parties immediately upon receipt, and Class Counsel shall file all objections with the Court within two (2) court days of their receipt. Any Settlement Class Member who does not provide a written objection in the manner described in this Section shall be deemed to have waived any objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement or the award of any attorneys' fees and costs and/or incentive awards. Further, any Settlement Class Member who intends to appear at the Final Approval Hearing must indicate their intention to appear in their written objection.

**11.4    Objection Requirements.** To be heard at the Final Approval Hearing, the Settlement Class Member must make any objection in writing and be timely postmarked to the Settlement Administrator. An objection must:

> (A)    Attach documents establishing, or provide information sufficient to allow the Parties to confirm, that the objector is a Settlement Class Member, including providing a full name, address, whether he or she intends to appear at the fairness hearing on his or her own behalf or through counsel,

and a copy of an electronically printed debit and/or credit card receipt printed at the San Diego County Fair at the Del Mar Fairgrounds in the City of Del Mar in violation of the truncation requirements of FACTA at any time between September 30, 2010 and the date of preliminary approval of the settlement;

    **(B)**    Include a statement of such Settlement Class Member's specific objections; and

    **(C)**    State the grounds for objection and attach any documents supporting the objection.

    **11.5**    Any Settlement Class Member who objects may appear at the Fairness Hearing, either in person or through an attorney hired at the Settlement Class Member's own expense, to object to the fairness, reasonableness, or adequacy of this Agreement or the Settlement. Any Settlement Class Member who fails to comply with the provisions of Sections **11.3-11.5** shall waive and forfeit any and all rights to appear separately and/or to object, and shall be bound by all the terms of this Settlement, and by all proceedings, orders, and judgments in the litigation.

## 12.    FINAL APPROVAL AND JUDGMENT ORDER

    **12.1**    **Final Approval.** Following completion of the class notice process and within one hundred thirty-five (135) days following Preliminary Approval, the Parties shall request that the Court enter the Final Approval Order which shall specifically include provisions that:

    **(A)**    Finally approve the Settlement as fair, reasonable and adequate to the Settlement Class;

    **(B)**    Find that the Class Notice as given was the best notice practicable under the circumstances, is due and sufficient notice to the Settlement Class, and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23;

    **(C)**    Find that the Settlement Class Members have been adequately represented by the Class Representatives and Class Counsel;

(D)     Approve the plan of distribution for the Common Fund;

(E)     Certify the Settlement Class;

(F)     Confirm that Plaintiff and the Settlement Class Members who have not timely submitted a valid request for exclusion from the Settlement have released all Released Claims that are contemplated under this Agreement and are permanently barred and enjoined from asserting, commencing, prosecuting, or continuing any of the Released Claims that are contemplated under this Agreement against the Released Parties;

(G)     Include a Consent Decree which requires that the Association shall not knowingly violate FACTA for all periods of time going forward from the date of its execution of this Agreement.

(H)     Enter judgment in accordance with the terms of this Agreement; and

(I)      Retain jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this Settlement.

## 13.   FINAL JUDGMENT

**13.1**   The Judgment entered at the Final Approval Hearing shall be deemed final on the Effective Date.

## 14.   NO ADMISSIONS AND PUBLICITY LIMITATIONS

**14.1**   **No Admission of Liability.** The Association and Solar expressly disclaim and deny any wrongdoing or liability whatsoever, and the Association and Solar expressly deny all liability and wrongdoing of any kind associated with the alleged claims in the operative complaints. The Association and Solar have denied and continue to deny each and every material factual allegation and all claims asserted against them in the Action. This Settlement, and any and all negotiations, statements, documents, and/or proceedings in connection with this Settlement, shall not be construed or deemed to be evidence of an admission or concession by the Released Parties of any liability or wrongdoing and shall not be construed or deemed to be evidence of an

admission or concession that any person suffered compensable harm or is entitled to any relief. Nothing herein shall constitute an admission by the Released Parties that the Action is properly brought on a class or representative basis, or that classes may be certified in those actions, other than for settlement purposes. Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing by or liability of the Released Parties except as to a Settlement Class Member's right to enforce the injunction; (ii) is or may be deemed to be or may be used in any civil, criminal, or administrative proceeding in any court, administrative agency or other tribunal as an admission or evidence of any fault or omission of the Released Parties; (iii) is or may be deemed a waiver of the Association's right to challenge class certification if this Settlement for any reason does not become final; (iv) is or may be deemed to be a waiver of the Association's right to seek to enforce any arbitration provision in other cases or against persons in Settlement Class; or (v) is or may be deemed or used as an admission of the appropriateness of these or similar claims for class certification.

**14.2    No Admission Under Federal Rule of Evidence 408.**    Pursuant to Federal Rule of Evidence 408 and any similar provisions under the laws of other states, neither this Agreement nor any related documents filed or created in connection with this Agreement shall be admissible in evidence in any proceeding, except as may be necessary to approve, interpret or enforce this Agreement.

**14.3    No Publicity Beyond Notice Procedures.** Class Counsel and/or Plaintiff will not make statements of any kind to any third party regarding the Settlement prior to filing a motion for Preliminary Approval with the Court, with the exception of the Settlement Administrator. The Parties may make public statements to the Court as necessary to obtain Preliminary or Final Approval of the Settlement and Class Counsel will not be prohibited from communicating with any person in the Settlement Class regarding the Action or the Settlement.

## 15. **RELEASE OF CLAIMS**

**15.1** As of the Effective Date, and subject to the deposit of the Common Fund by the Association and Solar, Plaintiff and the Settlement Class Members provide the following releases:

**15.2** All Releasing Parties will be deemed to have fully released and forever discharged the Released Parties from any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, as of the Effective Date, that arise out of or relate in any way to the Released Parties' printing of information on receipts provided to Settlement Class Members at the San Diego County Fair at the Del Mar Fairgrounds in the City of Del Mar at any time between September 30, 2010 and the date of preliminary approval of the settlement, to the fullest extent that those terms are used, defined or interpreted by the FCRA, including FACTA, relevant regulatory or administrative promulgations and case law, including, but not limited to, claims under or for a violation of the FCRA and any other statutory or common law claim arising from the printing of information on receipts provided to Plaintiff and/or Settlement Class Members (collectively, the "Released Claims").

**15.3** **Waiver of Unknown Claims.** Without limiting the foregoing, the Released Claims specifically extend to claims that Settlement Class Members do not know or suspect to exist in their favor at the time that the Settlement, and the Releases contained therein, becomes effective. This Section constitutes a waiver of, without limitation as to any other applicable law, Section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO
> CLAIMS WHICH THE CREDITOR DOES NOT KNOW
> OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT
> THE TIME OF EXECUTING THE RELEASE, WHICH
> IF KNOWN BY HIM OR HER MUST HAVE
> MATERIALLY AFFECTED HIS OR HER
> SETTLEMENT WITH THE DEBTOR.

**15.4** Plaintiff and the Settlement Class Members understand and acknowledge the significance of these waivers of California Civil Code Section 1542 and any other applicable federal or state statute, case law, rule or regulation relating to limitations on releases. In connection with such waivers and relinquishment, Plaintiff and the Settlement Class Members acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts that they now know or believe to be true with respect to the subject matter of the Settlement, but that it is their intention to release fully, finally and forever all Released Claims with respect to the Released Parties, and in furtherance of such intention, the releases of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

**15.5** As of the Effective Date, Plaintiff and the Settlement Class Members shall be bound by the following:

All Releasing Parties will be deemed to have fully released any right to file, prosecute or participate in a putative or certified class action lawsuit against the Association and each and all of its and their present, former and future direct and indirect parent companies, affiliates, subsidiaries, agents, successors, and all of the respective officers, directors, employees, attorneys, shareholders, insurers, agents, representatives, and assigns of the aforementioned arising under or for a violation of the FCRA, including FACTA, and any other statutory or common law claim arising from the printing of information on receipts provided to Plaintiff and/or Settlement Class Members at the San Diego County Fair at the Del Mar Fairgrounds in the City of Del Mar at any time between September 30, 2010 and the date of preliminary approval of the settlement.

**15.6    Covenant Not to Sue.** Plaintiff and Settlement Class Members agree and covenant, and each Settlement Class Member will be deemed to have agreed and covenanted, not to sue any Released Party with respect to any of the Released Claims, or otherwise assist others in doing so, and agree to be forever barred from doing so, in any court of law, equity, or any other forum.

**15.7    Release By the Association As to Solar.** As of the Effective Date, and subject to Solar's payment of all financial obligation required herein, Defendant 22nd District Agricultural Association and its past, present, and future subsidiaries, parent companies, its predecessors in interest and/or ownership, successors in interest and/or ownership, partners, licensees, assignees, insurers, including claims under any and all insurance policies, estates, and other affiliates and/or related entities, and each of the foregoing's respective past, present, and future officers, directors, attorneys, shareholders, indemnitees, predecessors, successors, trusts, trustees, partners, associates, principals, divisions, employees, insurers, any and all insurance policies, members, agents, representatives, brokers, consultants, heirs, and assigns will be deemed to have fully released and forever discharged Solar on Set, LLC and its past, present, and future subsidiaries, parent companies, its predecessors in interest and/or ownership, successors in interest and/or ownership, partners, licensees, assignees, insurers, including claims under any and all insurance policies, estates, and other affiliates and/or related entities, and each of the foregoing's respective past, present, and future officers, directors, attorneys, shareholders, indemnitees, predecessors, successors, trusts, trustees, partners, associates, principals, divisions, employees, insurers, any and all insurance policies, members, agents, representatives, brokers, consultants, heirs, and assigns from any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, as of the Effective Date, that arise out of or relate in any

way to services performed by Solar at the San Diego County Fair at the Del Mar Fairgrounds in the City of Del Mar at any time between September 30, 2010 and the date of preliminary approval of the settlement.

## 16.    TERMINATION OF AGREEMENT

**16.1    Any Party May Terminate the Agreement.** Plaintiff, the Association, and Solar shall each have the right to unilaterally terminate this Agreement by providing written notice of his, her, their or its election to do so ("Termination Notice") to all other Parties within ten (10) calendar days of any of the following occurrences:

    **(A)**    The Court rejects, materially modifies, materially amends or changes the submitted Preliminary Approval Order, submitted Final Approval Order, or this Agreement in a way that Plaintiff, the Association, or Solar reasonably consider material, unless such modification or amendment is accepted in writing by all Parties, or the Court declines to preliminarily or finally approve the Agreement;

    **(B)**    An appellate court reverses the Final Approval Order, and the Agreement is not reinstated without material change by the Court on remand;

    **(D)**    The Effective Date does not occur; or

    **(E)**    Any other ground for termination detailed herein.

**16.2    Termination of Large Number of Opt-Outs.** All Settlement Class Members will be bound by all determinations and judgments in the Action. In the event that more than 100 Settlement Class Members validly and timely submit opt-out requests, the Association, in its sole and absolute discretion, may terminate this Agreement by giving written notice to Class Counsel no later than ten (10) business days after it is first notified that this opt-out threshold has been reached.

**16.3 Common Fund Return to the Association and Solar on Set.** In the event that the Settlement is not approved, or is terminated, canceled or fails to become effective for any reason including, but not limited to, Section **16.1** herein, the money remaining in the Common Fund

(including accrued interest), less expenses incurred or due and owing and payable from the Common Fund in accordance with this Agreement, shall be returned to the Association and Solar on Set (in the proportions of 97.14% to the Association and 2.86% to Solar on Set, or as otherwise deposited) within fifteen (15) business days of the event that causes the Agreement to not become effective.

**16.4    Revert to Status Quo.**  If either Plaintiff, the Association, or Solar terminate this Agreement as provided herein, the Agreement shall be of no force and effect and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if this Agreement had never been executed, and any orders entered by the Court in connection with this Agreement shall be vacated.  However, any payments made to the Settlement Administrator for services rendered to the date of termination shall not be refunded by the Association.

**17.    TAXES**

**17.1    Responsibility for Taxes on Distribution.**  All payees from the Common Fund shall have their payments reported on an IRS Form 1099, and shall provide the Association and Solar with a Form W-9 prior to the Funding Date in order to receive their payments.  Any person or entity that receives a distribution from the Common Fund shall be solely responsible for any taxes or tax-related expenses owed or incurred by that person or entity by reason of that distribution.  Such taxes and tax-related expenses shall not be paid from the Common Fund.

**17.2    The Association and Solar Are Not Responsible.**  In no event shall the Association, Solar, or any of the other Released Parties have any responsibility or liability for taxes or tax-related expenses arising in connection with the payment or distribution of the Common Fund to Plaintiff, Class Counsel, the Administrator, the Neutral Expert, a *cy pres* recipient, or any other person or entity, and all recipients of payments from the Common Fund shall indemnify and hold the Association, Solar, and the other Released Parties harmless from all such taxes and tax-related expenses (including, without limitation, taxes and tax-related expenses payable by reason of any such indemnification).

## 18. MISCELLANEOUS

**18.1 Governing Law.** This Agreement shall be governed by the laws of the State of California and, where appropriate, the United States of America.

**18.2 Evidentiary Preclusion.** In order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, the Released Parties may file the Agreement and/or the judgment in any action or proceeding that may be brought against them.

**18.3 No Construction Against Drafter.** This Agreement was drafted jointly by the Parties and in construing and interpreting this Agreement, no provision of the Agreement shall be construed or interpreted against any Party based upon the contention that this Agreement or a portion of it was purportedly drafted or prepared by that Party.

**18.4 Entire Agreement.** This Agreement and exhibits hereto constitute the entire agreement between the Parties and supersedes all prior understandings, agreements, or writings regarding the subject matter of this Agreement. No representations, warranties or inducements have been made to any of the Parties, other than those representations, warranties, and covenants contained in this Agreement. This Agreement may be amended or modified only by a written instrument signed by all Parties or their successors in interest or their duly authorized representatives and approved by the Court. The provisions of the Agreement may be waived only in a writing executed by the waiving party. The waiver by one party of any breach of this Agreement by any other party shall not be deemed a waiver, by that party or by any other party, of any other prior or subsequent breach of this Agreement.

**18.5 Authority.** Each person executing this Agreement on behalf of any of the Parties hereto represents that such person has the authority to execute this Agreement.

**18.6 No Assignment.** No party to this Agreement has heretofore assigned, transferred, or granted, or purported to assign, transfer, or grant, any of the claims, demands, or cause or causes of action disposed of by this Agreement.

**18.7     Receipt of Advice of Counsel.** Each Party acknowledges, agrees and specifically warrants that he, she or it has fully read this Agreement and the Releases contained herein, received independent legal advice with respect to the advisability of entering this Agreement and the Releases, and the legal effects of this Agreement and the Releases, and fully understands the effect of this Agreement and the Releases. Each Party to this Agreement warrants that he, she, or it is acting upon his, her or its independent judgment and upon the advice of his, her, or its own counsel and not in reliance upon any warranty or representation, express or implied, of any nature or kind by any other Party, other than the warranties and representations expressly made in this Agreement.

**18.8     Agreement Binding on Successors in Interest.** This Agreement is binding on and shall inure to the benefit of the respective heirs, successors and assigns of the Parties.

**18.9     Execution in Counterparts.** The Parties may execute this Agreement in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

**18.10   Notices.** Unless stated otherwise herein, any notice required or provided for under this Agreement shall be in writing and may be sent by electronic mail, fax, regular mail or FedEx, postage prepaid, as follows:

| As to Plaintiff and Settlement Class: | As to the Association: | As to Solar: |
|---|---|---|
|  | Craig J. Mariam | Craig M. Nicholas |
| Daniel F. Gaines, Esq. | Gordon & Rees Scully | Nicholas & Tomasevic LLP |
| Gaines & Gaines APLC | Mansukhani LLP | 225 Broadway, |
| 27200 Agoura Road, | 101 W. Broadway, | 19th Floor, |
| Suite 101 | Suite 2000 | San Diego, CA 92101 |
| Calabasas, CA 91301 | San Diego, CA 92101 | cnicholas@nicholaslaw.org |
| Daniel@gaineslawfirm.com | cmariam@gordonrees.com |  |

**18.11   Future Changes in Laws or Regulations.** To the extent Congress, the Federal Trade Commission or any other relevant regulatory authority promulgates materially different

requirements under the FCRA or FACTA, those laws and regulatory provisions shall control so long as the conduct at issue occurred post-Effective Date.

**18.12 Time Periods.** The time periods and dates described herein are subject to Court approval and may be modified upon order of the Court or written stipulation of the Parties.

**18.13 Resolution of Disputes.** The Parties shall cooperate in good faith in the administration of this Settlement. Any unresolved dispute regarding the administration of this Agreement shall be decided by the Court.

**IN WITNESS WHEREOF,** the Parties hereto have caused this Agreement to be executed as follows:

**PLAINTIFF:**                                                                    Dated: 9/6/2016 _____, 2016

*Gillian Brown*

Gillian Brown

**22nd DISTRICT AGRICULTURAL**                              Dated: _____, 2016
**ASSOCIATION:**

By: _____

Its: _____

**SOLAR ON SET, LLC:**                                          Dated: _____, 2016

By: _____

Its: _____

requirements under the FCRA or FACTA, those laws and regulatory provisions shall control so long as the conduct at issue occurred post-Effective Date.

**18.12 Time Periods.** The time periods and dates described herein are subject to Court approval and may be modified upon order of the Court or written stipulation of the Parties.

**18.13 Resolution of Disputes.** The Parties shall cooperate in good faith in the administration of this Settlement. Any unresolved dispute regarding the administration of this Agreement shall be decided by the Court.

**IN WITNESS WHEREOF**, the Parties hereto have caused this Agreement to be executed as follows:

**PLAINTIFF:**                                               Dated: _____, 2016

_____
Gillian Brown

**22nd DISTRICT AGRICULTURAL**                Dated: _9/6___, 2016
**ASSOCIATION:**

By: _____
Its: _Director_____

**SOLAR ON SET, LLC:**                                  Dated: _____, 2016

By: _____

Its: _____

requirements under the FCRA or FACTA, those laws and regulatory provisions shall control so long as the conduct at issue occurred post-Effective Date.

**18.12 Time Periods.** The time periods and dates described herein are subject to Court approval and may be modified upon order of the Court or written stipulation of the Parties.

**18.13 Resolution of Disputes.** The Parties shall cooperate in good faith in the administration of this Settlement. Any unresolved dispute regarding the administration of this Agreement shall be decided by the Court.

**IN WITNESS WHEREOF**, the Parties hereto have caused this Agreement to be executed as follows:

**PLAINTIFF:**                                          Dated: _____, 2016


_____
Gillian Brown


**22nd DISTRICT AGRICULTURAL**               Dated: _____, 2016
**ASSOCIATION:**


By: _____

Its: _____


**SOLAR ON SET, LLC:**                         Dated: Sept. 6 , 2016

By: _____

Its: _____CTO_____

DocuSign Envelope ID: FE5F7F10-D0C4-4701-A994-3474C27B1DFA

**APPROVED AS TO FORM:**

**CLASS COUNSEL**

Gaines & Gaines, APLC

Dated: 9/6 , 2016

By: Daniel F. Gaines, Esq.

**ASSOCIATION'S COUNSEL**

Gordon & Rees Scully Mansukhani LLP

Dated: _____, 2016

By: Craig J. Mariam

**SOLAR'S COUNSEL**

Nicholas & Tomasevic LLP

Dated: _____, 2016

By: Craig M. Nicholas

**APPROVED AS TO FORM:**

**CLASS COUNSEL**

Gaines & Gaines, APLC                                      Dated: _____, 2016

By: _____
     Daniel F. Gaines, Esq.

**ASSOCIATION'S COUNSEL**

Gordon & Rees Scully Mansukhani LLP                        Dated: <u>Sept. 7</u>, 2016

By: _____
     Craig J. Mariam

**SOLAR'S COUNSEL**

Nicholas & Tomasevic LLP                                   Dated: _____, 2016

By: _____
     Craig M. Nicholas

**APPROVED AS TO FORM:**

**CLASS COUNSEL**

Gaines & Gaines, APLC                                    Dated: _____, 2016

By:    _____
       Daniel F. Gaines, Esq.

**ASSOCIATION'S COUNSEL**

Gordon & Rees Scully Mansukhani LLP                      Dated: _____, 2016

By:    _____
       Craig J. Mariam

**SOLAR'S COUNSEL**

Nicholas & Tomasevic LLP                                 Dated:   Sept. 7, 2016

By:    _____
       Craig M. Nicholas

**EXHIBIT 1**

**WEBSITE NOTICE**

If you were issued an electronically printed debit and/or credit card receipt during the San Diego County Fair at the Del Mar Fairgrounds at any time between September 30, 2010 and _____, you may be entitled to benefits under a class action settlement.

*A federal court authorized this Notice.  This is not a solicitation from a lawyer.*

- A proposed settlement will provide $750,000 in reduced admission prices to the 2017 and, if applicable, 2018 San Diego County Fair(s), plus a total of $175,000 (the "Common Fund") to fully settle and release claims. The Settlement would resolve a lawsuit brought on behalf of a putative class of individuals defined as all persons who were issued an electronically printed debit and/or credit card receipt during the San Diego County Fair at the Del Mar Fairgrounds in violation of the truncation requirements of FACTA at any time between September 30, 2010 and _____.

- Plaintiff alleges that certain of these electronically printed debit and/or credit card receipts violated the federal Fair and Accurate Credit Transaction Act ("FACTA"), itself an amendment to the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA").  The 22nd District Agricultural Association ("Association") and cross-defendant Solar On Set, LLC ("Solar") deny plaintiff's allegations and deny any wrongdoing whatsoever.  The Court has not ruled on the merits of plaintiff's claims or the Association's defenses.  By entering into the settlement, neither the Association nor Solar have conceded the truth or validity of any of the claims against them.

- The Common Fund shall be used to pay all amounts related to the settlement, including attorneys' fees and costs to attorneys representing plaintiff and the Settlement Class ("Class Counsel"), not to exceed $150,000, any service award for plaintiff, not to exceed $5000, the costs of notice and administration of the settlement, not to exceed $15,000, and the cost of a Neutral Expert to opine on the fair market value for fair admission, not to exceed $5,000.  In addition, each admission entrance fee for the 2017 San Diego County Fair (subject to a $750,000 total reduction cap) shall be reduced fifty (50) cents from the then-current fair market value of such admission prices as determined by the Neutral Expert or as otherwise agreed upon between Class Counsel and the Association and the Association's Counsel.  To the extent the reduction cap has not been met through the 2017 San Diego County Fair fee reduction, each admission entrance fee for the 2018 San Diego County Fair (subject to a $750,000 total reduction cap, inclusive of the previous year reduction) shall be reduced *pro rata* based on a calculation of the expected 2018 attendance and the remaining amount under the reduction cap. Any unawarded portion of the Common Fund shall be paid to a charity approved by the Court.

QUESTIONS? VISIT _____

- **Your rights and options, and the deadlines to exercise them, are explained in this Notice. Your legal rights are affected whether you act or don't act. Read this Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| DO NOTHING/ATTEND UPCOMING SAN DIEGO COUNTY FAIRS | If you attend the 2017 San Diego County Fair, your ticket price will be reduced in accordance with the terms of this Settlement Agreement. A reduced ticket price requires no further action on your part. If you attend the 2018 San Diego County Fair, your ticket price *may* be reduced in accordance with the terms of the Settlement Agreement. A reduced ticket price requires no further action on your part. |
| EXCLUDE YOURSELF OR "OPT-OUT" OF THE SETTLEMENT | This is the only option that allows you to pursue your own claims against the Association and/or other released parties in the future. Opting out requires that you write to the Settlement Administrator by the deadline of _____. |
| OBJECT TO THE SETTLEMENT | Write to the Settlement Administrator about why you believe the settlement is unfair in any respect. The deadline for objecting is _____. If you submit only an objection, you will give up your rights to sue the Association and/or any other released parties on a released claim. You must include your name, address, telephone number, your signature, and a copy of an electronically printed debit and/or credit card receipt printed at the San Diego County Fair at the Del Mar Fairgrounds in violation of the truncation requirements of FACTA between September 30, 2010 and _____. |
| GO TO THE FINAL APPROVAL HEARING | Ask to speak in Court about the fairness of the settlement. To speak at the Final Approval Hearing, you must write to the Settlement Administrator and state your intention to appear no later than _____. You must include your name, address, telephone number, your signature, and a copy of an electronically printed debit and/or credit card receipt printed at the San Diego County Fair at the Del Mar Fairgrounds in violation of the truncation requirements of FACTA between September 30, 2010 and _____. |

- These rights and options—and the deadlines to exercise them—are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after any appeals are resolved. Please be patient and check the settlement website for any updates.

## BASIC INFORMATION

### 1. What is the purpose of this Notice?

The purpose of this Notice is to inform you that a proposed settlement has been reached in the putative class action lawsuit entitled *Gillian Brown v. 22nd District Agricultural Association,* United States District Court, Southern District of California, Case No. 15-cv-02578-JAH (DHB). Because your rights will be affected by this Settlement, it is extremely important that you read this Notice carefully. This Notice summarizes the settlement and your rights under it.

### 2. What does it mean if I received an electronically printed debit/credit card receipt from the San Diego County Fair?

You are a member of the Settlement Class if you fit the below class definition.

### 3. What is this class action lawsuit about?

In a class action, one or more people called Class Representatives (here, the plaintiff) sue on behalf of people who allegedly have similar claims. This group is called a class and the persons included are called class members. One court resolves the issues for all of the class members, except for those who exclude themselves from the class.

Here, plaintiff claims the Association violated FACTA by electronically printing debit and/or credit card receipts at the San Diego County Fair between September 30, 2010 and _____ which contain the expiration dates of debit and/or credit cards. The Association and Solar deny these allegations and deny any claim of wrongdoing. The Court has conditionally certified a class action for settlement purposes only. The Honorable John A. Huston and the Honorable David H. Bartick are in charge of this action.

### 4. Why is there a settlement?

The Court did not decide in favor of plaintiff or the Association. Instead, both sides agreed to this settlement. That way, they avoid the risk and cost of a trial, and the Settlement Class members will receive a benefit. Plaintiff and Class Counsel think the settlement is best for all persons in the Settlement Class.

## WHO IS IN THE SETTLEMENT CLASS?

**5. How do I know if I am a part of the settlement class?**

The Court has certified a class action for settlement purposes only. The Settlement Class is defined as:

> All persons who were issued an electronically printed debit and/or credit card receipt during the San Diego County Fair at the Del Mar Fairgrounds in violation of the truncation requirements of FACTA at any time between September 30, 2010 and _____.

If you are still not sure whether you are included, you can visit other sections of the Settlement Website, _____, you may write to the settlement administrator at Gillian Brown v. 22nd District Agricultural Association, c/o _____ _____ _____.

## THE LAWYERS REPRESENTING YOU

**6. Do I have lawyers in this case?**

The Court has appointed the law firm of Gaines & Gaines, APLC as Class Counsel to represent you and the other persons in the Settlement Class. You will not be personally charged by these lawyers.

**7. How will Class Counsel be paid?**

Class Counsel will ask the Court to approve payment of $150,000 of the Common Fund to them for attorneys' fees and expenses. Class Counsel also will ask the Court to approve payment of $5,000 to the plaintiff for her services as Class Representative. The Court may award less than these amounts.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

**8. What does the settlement provide?**

**Reduced Admission Prices.** Each admission entrance fee for the 2017 San Diego County Fair (subject to a $750,000 total reduction cap) shall be reduced fifty (50) cents from the then-current fair market value of such admission prices as determined by the Neutral Expert or as otherwise agreed upon between Class Counsel and the Association and the Association's Counsel. To the extent the reduction cap has not been met through the 2017 San Diego County Fair fee reduction, each admission entrance fee for the 2018 San Diego County Fair (subject to a $750,000 total reduction cap, inclusive of the previous year reduction) shall be reduced *pro rata* based on a calculation of the expected 2018 attendance and the remaining amount under the reduction cap.

**Common Fund**. The Association and Solar will pay the total amount of $175,000 into a fund (the "Common Fund"), which will cover: (1) the settlement administrator for its services in providing publication and website notice and other settlement administration services (up to $15,000), (2) plaintiff Gillian Brown for an enhancement award (subject to Court approval, up to $5,000), (3) plaintiff's counsel for their attorneys' fees and costs (subject to Court approval, up to $150,000), and (4) a neutral expert who shall determine the then-current fair market value of admission prices for the 2017 and 2018 San Diego County Fairs (up to $5,000). Any unawarded portion of the Common Fund shall be paid to a charity approved by the Court.

**No Portion of the Common Fund Will Return to the Association or Solar.**

## 9. What am I giving up to stay in the Settlement Class?

Unless you exclude yourself from the settlement, you will be part of the Settlement Class and will be bound by the release of claims in the settlement. This means that if the settlement is approved, you cannot rely on any Released Claim to sue or continue to sue, on your own or as part of any other lawsuit, the Association and/or any other Released Parties, as explained in the Settlement Agreement. It also means that all of the Court's orders will apply to you and legally bind you. Unless you exclude yourself from the settlement, you will agree to release the Association and any other Released Parties, as defined in the Settlement Agreement, from any and all claims that arise from the alleged violations of FACTA at issue in this action.

In summary, the Release includes, without limitation, all claims that arise out of or relate in any way to the Released Parties' printing of information on receipts provided to Settlement Class Members, to the fullest extent that those terms are used, defined or interpreted by the FCRA, including FACTA, relevant regulatory or administrative promulgations and case law, including, but not limited to, claims under or for a violation of the FCRA and any other statutory or common law claim arising from the printing of information on receipts provided to Plaintiff and/or Settlement Class Members (collectively, the "Released Claims"). The precise definitions of Released Claims and Released Parties are set forth in the Settlement Agreement, available on the settlement website or by request from the Settlement Administrator.

If you have any questions about the Release or what it means, you can speak to Class Counsel, listed under Question 6, for free, or you can, at your own expense, talk to your own lawyer. The Release does not apply to persons in the Settlement Class who timely exclude themselves.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

## 10. How do I get out of the settlement?

If you want to keep the right to sue or continue to sue the Association or the Released Parties, as defined in the Settlement Agreement, then you must take steps to get out of the Settlement Class. This is called excluding yourself from, or opting-out of, the Settlement Class.

To exclude yourself from the settlement, you must send an exclusion request to the Settlement Administrator. To be valid, an exclusion request must: (i) be signed by the person in the

Settlement Class who is requesting exclusion; (ii) include the full name and address of the person in the Settlement Class requesting exclusion; and (iii) include the following statement: "I/we request to be excluded from the settlement in the 22nd District Agricultural Association FACTA action." No request for exclusion will be valid unless all of the information described above is included. No person in the Settlement Class, or any person acting on behalf of or in concert or participation with that person in the Settlement Class, may exclude any other person in the Settlement Class from the Settlement Class.

**To be valid, you must mail your exclusion request postmarked no later than _____ to the Settlement Administrator at Gillian Brown v. 22nd District          Agricultural          Association,          c/o**

_____

_____

_____.

## 11. If I do not exclude myself, can I sue the Association for the same thing later?

No. If you do not exclude yourself, you give up any right to sue (or continue to sue) the Association or any Released Parties for the claims that this Settlement resolves.

## OBJECTING TO THE SETTLEMENT

## 12. How do I tell the Court that I do not think the settlement is fair?

If you are in the Settlement Class, you can object to the Settlement or any part of the Settlement that you think the Court should reject, and the Court will consider your views. If you do not provide a written objection in the manner described below, you shall be deemed to have waived any objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the settlement or the award of any attorneys' fees and costs and/or service award.

To object, you must make your objection in writing, stating that you object to the settlement in Gillian Brown v. 22nd District Agricultural Association. To be considered by the Court, the written objection must: (i) attach documents establishing, or provide information sufficient to allow the Parties to confirm, that the objector is a Settlement Class Member, including providing a full name, address, whether he or she intends to appear at the fairness hearing on his or her own behalf or through counsel, and a copy of an electronically printed debit and/or credit card receipt printed at the San Diego County Fair at the Del Mar Fairgrounds in the City of Del Mar in violation of the truncation requirements of FACTA at any time between September 30, 2010 and the date of preliminary approval of the settlement; (ii) include a statement of such Settlement Class Member's specific objections; and (iii) state the grounds for objection and attach any documents supporting the objection.

**To be considered, you must mail your objections to the Settlement Administrator at the address          below,          postmarked          no          later          than**

_____.

_____

_____

_____

## 13. What is the difference between objecting and excluding yourself?

Objecting is telling the Court that you do not like something about the settlement. You can object only if you stay in the Settlement Class. Excluding yourself means that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## IF YOU DO NOTHING

## 14. What happens if I do nothing at all?

If you do nothing, you will give up your rights to sue the Association and/or any other Released Parties on the Released Claims. For information relating to what rights you are giving up, see Question 9.

## THE FINAL APPROVAL HEARING

## 15. When and where will the Court decide whether to approve the settlement?

The Court will hold a Final Approval Hearing on _____ at _____am/pm in Suite 1080 of the James M. Carter and Judith N. Keep United States Courthouse, 10th Floor, 333 West Broadway, San Diego, California. At this hearing, the Court will consider whether the settlement is fair, reasonable and adequate. If there are valid objections that comply with the requirements in Question 12 above, the Court also will consider them and will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Class Counsel and plaintiff.

The Final Approval Hearing may be moved to a different date or time without additional notice, so it is a good idea to check the Settlement Website for updates.

## 16. Do I have to come to the hearing?

No. Class Counsel will appear on behalf of the Settlement Class. But, you are welcome to come, or have your own lawyer appear, at your own expense.

## 17. May I speak at the hearing?

You may ask the Court for permission to speak at the Final Approval Hearing, but only in connection with an objection that you have timely submitted to the Settlement Administrator according to the procedure set forth in Question 12 above. For this document to be considered, it must include your name, address, telephone number and your signature. The document must

be mailed to the Settlement Administrator, postmarked no later than _____, at
_____
_____. You
cannot speak at the hearing if you exclude yourself from the settlement.

## GETTING MORE INFORMATION

**18. How do I get more information?**

This notice is only a summary of the proposed settlement. You can get a copy of the Settlement Agreement by visiting the Settlement Website, http://classactionsandiegocountyfair. You can also call Class Counsel with any questions at (866) 550-0855.

**DO NOT CALL OR WRITE TO THE COURT, THE CLERK OF THE COURT, THE ASSOCIATION OR THE ASSOCIATION'S COUNSEL ABOUT THE SETTLEMENT.**

**EXHIBIT 2**

**NEWSPAPER PUBLICATION NOTICE**

## LEGAL NOTICE

**If you were issued an electronically printed debit and/or credit card receipt during the San Diego County Fair at the Del Mar Fairgrounds at any time between September 30, 2010 and _____, you may be entitled to benefits under a class action settlement.**

### *VISIT HTTP://CLASSACTIONSANDIEGOCOUNTYFAIR.COM FOR MORE INFORMATION ABOUT THE SETTLEMENT AND YOUR OPTIONS.*

### WHAT IS THIS CASE ABOUT?

A proposed settlement of a class action entitled *Gillian Brown v. 22nd District Agricultural Association*, Case No. 15-cv-02578-JAH (DHB), has been reached in the United States District Court, Southern District of California.

Plaintiff claims the 22nd District Agricultural Association ("Association") violated the Fair and Accurate Credit Transaction Act ("FACTA"), itself an amendment to the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA"), by electronically printing debit and/or credit card receipts at the San Diego County Fair between September 30, 2010 and _____ with the expiration dates of the debit and/or credit cards printed on the face of the receipts. The Association denies these allegations and denies any claim of wrongdoing. The Association has pled cross-claims against third-party defendant Solar On Set, LLC ("Solar"). Solar denies these allegations and denies any claim of wrongdoing.

### WHAT DOES THE SETTLEMENT PROVIDE?

Under the proposed settlement, each admission entrance fee for the 2017 San Diego County Fair (subject to a $750,000 total reduction cap) shall be reduced fifty (50) cents from the then-current fair market value of such admission prices as determined by an expert or as otherwise agreed upon between the Parties. To the extent the reduction cap has not been met through the 2017 San Diego County Fair fee reduction, each admission entrance fee for the 2018 San Diego County Fair (subject to a $750,000 total reduction cap, inclusive of the previous year reduction) shall be reduced *pro rata* based on a calculation of the expected 2018 attendance and the remaining amount under the reduction cap. In addition, the Association and Solar will pay a Common Fund not to exceed $175,000 to be used to pay all other amounts related to the Settlement, including attorneys' fees and costs to attorneys representing plaintiff and the Settlement Class (in an amount not to exceed $150,000), any service award for plaintiff (not to exceed ($5,000), the costs of notice and administration of the Settlement (not to exceed $15,000), and up to $5,000 to compensate a neutral expert to opine as to the fair market value of fair admission prices.

### WHAT ARE MY OPTIONS?

If you remain a Class Member (by taking no action in response to this notice), and the Court approves the Settlement, you will be legally bound by its terms and will release your claims relating to, arising out of, or connected with electronically printed debit and/or credit card receipts issued at the San Diego County Fair between September 30, 2010 and _____.

If you want to exclude yourself from the settlement, you must write to
_____ or visit the settlement website
at http://classactionsandiegocountyfair.com to request the more detailed Notice and the
Settlement, both of which include instructions how to exclude yourself from the Settlement. The
deadline to request exclusion from the Settlement is _____.

If you remain a Class Member, you may object to the Settlement. If you want to object to the
settlement, you must write to _____ or
visit the settlement website at http://classactionsandiegocountyfair.com to request the more
detailed Notice and the Settlement, both of which include instructions how to object to the
Settlement. The deadline to object to the Settlement is _____.

## SETTLEMENT HEARING

The Court will hold a hearing on _____ at
_____ to consider whether to approve the Settlement and award
attorneys' fees, costs, and a service award for the named plaintiff.

You or your lawyer may ask to appear and speak at the hearing at your own expense. More
detailed Notice and information about this case is available at
http://classactionsandiegocountyfair.com. You may write to
_____
to request the more detailed Notice and the Settlement.

*VISIT* http://classactionsandiegocountyfair.com *FOR MORE INFORMATION ABOUT THE
SETTLEMENT AND YOUR OPTIONS.*

**EXHIBIT 3**

**ADMISSION FEES FOR 2005 THROUGH 2016**

| Year | Adult Admission |
|------|------------------|
| 2005 | $  11.00 |
| 2006 | $  11.00 |
| 2007 | $  12.00 |
| 2008 | $  12.00 |
| 2009 | $  13.00 |
| 2010 | $  13.00 |
| 2011 | $  13.00 |
| 2012 | $  13.00 |
| 2013 | $  14.00 |
| 2014 | $  14.00 |
| 2015 | $  15.00 |
| 2016 | $  16.00 |